IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


WILLIAM R. BRANCH,                          :      CIVIL ACTION NO. 1:CV-00-1728
                                            :
                Plaintiff                   :
                                            :
        v.                                  :
                                            :
D.O.C. JOHN DOES,                           :      (Judge Rambo)       **FILED**
                                            :                          HARRISBURG, PA
                Defendants                  :
                                                                       SEP 2 9 2000

                    M E M O R A N D U M                                MARY E. D'ANDREA, CLERK
                                                                       Per _____
                                                                            Deputy Clerk
Background

        Plaintiff, William R. Branch, an inmate confined in the

State Correctional Institution, Waymart, Pennsylvania (SCI-

Waymart), filed this civil rights action pursuant to 42 U.S.C.

§ 1983.  Along with his complaint, Plaintiff filed an application

seeking leave to proceed in forma pauperis.[1]  Named as Defendants

are D.O.C. John Does, all unidentified employees of SCI-Waymart.

        Plaintiff alleges that his constitutional rights are being

violated in that various employees at SCI-Waymart are retaliating

against him for reporting their fellow correctional officer.  He

also alleges that Defendants have engaged in a conspiracy against

him which resulted in his being placed in "the hole."   (Doc. 1 at

_____

        [1]  Plaintiff completed this court's form application for
leave to proceed in forma pauperis and authorization form.  An
Administrative Order was thereafter issued on September 28, 2000
(Doc. 4) directing the warden at SCI-Waymart to commence deducting
the filing fee from Plaintiff's prison trust fund account.


Certified from the record
Date 7-29-00
Mary E. D'Andrea, Clerk
Per

1.)   He further alleges that his First Amendment rights to freedom of religion and access to the courts are being denied.  As relief, he seeks compensatory damages.  For the reasons that follow, the complaint will be dismissed pursuant to 42 U.S.C. § 1997(e) for failure to exhaust administrative remedies.

With respect to the applicability of administrative remedies, 42 U.S.C. § 1997(a) reads as follows:

> No action shall be brought with
> respect to prison conditions under
> Section 1979 of the Revised Statutes
> of the United States (42 U.S.C.
> 1983), or any other federal law, by
> a prisoner confined in any jail,
> prison, or other correctional
> facility until such administrative
> remedies as are available are
> exhausted.

This provision makes no distinction between an action for damages, injunctive relief, or both. In Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recently held that the exhaustion requirement is mandatory whether or not the administrative remedies afford the inmate-plaintiff the relief sought in the federal court action.  In Nyhuis, the inmate had complained that federal prison officials had wrongfully confiscated some of his personal property.  As in this case, the inmate sought compensatory damages, and the inmate had not pursued the available administrative remedies.  Chief Judge Becker, writing for the unanimous panel, declared that administrative remedies must

2

be exhausted even though the prisoner could not obtain in the administrative process the monetary relief he sought in federal court.

It is thus clear that Branch's failure to exhaust administrative remedies requires dismissal of this action unless his complaint does not concern "prison conditions" or there are circumstances that justify excusing the exhaustion requirement. Neither circumstance pertains here.

The Pennsylvania Department of Corrections has a Consolidated Inmate Grievance Review System.  (DC-ADM 804 (effective October 20, 1994).)  With certain exceptions not applicable here, DC-ADM 804, Section VI ("Procedures") provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Grievance Coordinator; an appeal from the Coordinator's decision may be made in writing to the Facility Manager or Community Corrections Regional Director; and a final written appeal may be presented to the Chief Hearing Examiner.

Effective May 1, 1998, the Department of Corrections amended DC-ADM 804 to provide that a prisoner, in seeking review through the grievance system, may include requests for "compensation or other legal relief normally available from a court."  (DC-ADM 804-4, issued April 29, 1998.)  Further, the amendment requires that

the "[g]rievances must be submitted for initial review to the
Facility/Regional Grievance Coordinator within fifteen (15) days
after the events upon which the claims are based," but allows for
extensions of time for good cause, which "will normally be granted
if the events complained of would state a claim of a violation of a
federal right."  (Id.)

There is no indication in the complaint that Plaintiff has
either pursued his available administrative remedies or has an
acceptable basis upon which to excuse compliance with the
exhaustion requirement.  Accordingly, his complaint must be
dismissed.  An appropriate order will be issued.

SYLVIA H. RAMBO
United States District Judge

Dated:  September  29 , 2000.

4

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

September 29, 2000

Re:  1:00-cv-01728    Branch v. D.O.C. John Does

True and correct copies of the attached were mailed by the clerk
to the following:

        William R. Branch
        SCI-WAYMART
        CF-3756
        P.O. Box 256
        Route 6
        Waymart, PA  18472-0256

cc:
Judge                          (X )
Magistrate Judge               (  )
U.S. Marshal                   (  )
Probation                      (  )
U.S. Attorney                  (  )
Atty. for Deft.                (  )
Defendant                      (  )
Warden                         (  )
Bureau of Prisons              (  )
Ct Reporter                    (  )
Ctroom Deputy                  (  )
Orig-Security                  (  )
Federal Public Defender        (  )
Summons Issued                 (  ) with N/C attached to complt. and served by:
                                    U.S. Marshal (  )    Pltf's Attorney (  )
Standard Order 93-5            (  )
Order to Show Cause            (  ) with Petition attached & mailed certified mail
                                    to:  US Atty Gen    (  )  PA Atty Gen (  )
                                         DA of County  (  )  Respondents (  )
Bankruptcy Court               (  )
Other L. Quinn                 (X )

                                              MARY E. D'ANDREA, Clerk

DATE: September 29th, 2000          BY: _____
                                                Deputy Clerk