IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM R. BRANCH,** | : CIVIL ACTION NO. 1:CV-00-1728 |
| **Plaintiff** | : |
| v. | : |
| **D.O.C. JOHN DOES,** | : (Judge Rambo) |
| **Defendants** | : |

FILED
HARRISBURG, PA
APR 3 0 2001
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

**MEMORANDUM**

**Background**

Plaintiff William R. Branch, an inmate confined in the State Correctional Institution, Waymart, Pennsylvania (SCI-Waymart), filed this civil rights action pursuant to 42 U.S.C. § 1983. Along with his complaint, Plaintiff filed an application seeking leave to proceed in forma pauperis in this matter.[1] Named as Defendants are D.O.C. John Does, all unidentified employees of SCI-Waymart.

Plaintiff alleges that his constitutional rights are being violated in that various employees at SCI-Waymart are retaliating against him for reporting their fellow correctional officer. He also alleges that Defendants have engaged in a conspiracy against him which resulted in his being placed in "the hole." (Doc. 1 at 1.) He further alleges that his First

---

[1] Plaintiff completed this court's form application for leave to proceed in forma pauperis and authorization form. An Administrative Order was thereafter issued on September 28, 2000 (Doc. 4) directing the warden at SCI-Waymart to commence deducting the filing fee from Plaintiff's prison trust fund account.

Amendment rights to freedom of religion and access to the courts are being denied. As relief, he seeks compensatory damages.

On September 29, 2000, the court dismissed the complaint pursuant to 42 U.S.C. § 1997(e) for failure to exhaust administrative remedies. With respect to the applicability of administrative remedies, §1997(e) provides as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This provision makes no distinction between an action for damages, injunctive relief, or both. In <u>Nyhuis v. Reno</u>, 204 F.3d 65 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit held that the exhaustion requirement is mandatory whether or not the administrative remedies afford the inmate-plaintiff the relief sought in the federal court action.

The Pennsylvania Department of Corrections has a Consolidated Inmate Grievance Review System. (DC-ADM 804 effective October 20, 1994.) With certain exceptions not applicable here, DC-ADM 804, Section VI ("Procedures") provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Grievance Coordinator; an appeal from the Coordinator's decision may be made in writing to the Facility Manager of Community Corrections Regional Director; and a final written appeal may be presented to the Chief Hearing Examiner.

Effective May 1, 1998, the Department of Corrections amended DC-ADM 804 to provide that a prisoner, in seeking review through the grievance system, may include requests for "compensation or other legal relief normally available from a court." (DC-ADM 804-4, issued April 29, 1998.) Further, the amendment requires that the "[g]rievances must be submitted for initial review to the Facility/Regional Grievance Coordinator within fifteen (15) days after the events upon which the claims are based," but allows for extensions of time for good cause, which "will normally be granted if the events complained of would state a claim of a violation of a federal right." (Id.)

There is no indication in the complaint that Plaintiff had either pursued his available administrative remedies or has an acceptable basis upon which to excuse compliance with the exhaustion requirement. As such, his complaint was dismissed without prejudice for failure to exhaust administrative remedies.

On October 6, 2000, Plaintiff filed a motion for reconsideration of the court's dismissal of his complaint. In his motion and the attached exhibits, Plaintiff demonstrates that he has, in fact, exhausted his administrative remedies with respect to his claims as required by 42 U.S.C. § 1997(e). As such, his motion for reconsideration will be granted and the Clerk of Court directed to reopen this action. Plaintiff will be directed, however, to file an amended complaint within 20 days from the date of this order.

In order to assert an actionable civil rights claim, Plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A prerequisite for a

3

viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. See, e.g., Monell v. Department of Social Serv. of the City of N.Y., 436 U.S. 658, 694-95 (1978); Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990); Capone v. Marinelli, 868 F.2d 102, 106 n.7 (3d Cir. 1989); Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Liability may not be imposed under § 1983 on the principle of respondeat superior. Capone, 868 F.2d at 106 (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)).

In the instant case, Plaintiff fails to identify any particular defendant who has allegedly violated his constitutional rights. He merely lists "D.O.C. John Does" as defendants and states that they are correctional officers at SCI-Waymart. He fails to identify who those defendants are that he wishes to bring suit against. Without providing the names of the individuals listed as defendants in this action, service of the complaint can not be accomplished. Because Plaintiff may be able to state an actionable claim if he were to name Defendants, the court will grant him an opportunity to file an amended complaint in this action against properly named Defendants. He will be given 20 days from the date of this order in which to file a proper amended complaint. If he fails to do so, his complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the case will be closed.[2]

---

[2] Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any

4

In preparing his amended complaint, Plaintiff is advised that Fed. R. Civ. P. 8(a) requires, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). The Supreme Court has stated that this "notice pleading" requirement means that the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

"A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." Walker v. South Central Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990). There is no heightened pleading standard in § 1983 cases,[3] but a civil rights complaint such as Plaintiff's, in order to comply with Rule 8, must at least set forth some modicum of facts which specifically identifies the conduct of a defendant that is asserted to have violated plaintiff's rights. Jefferson v. Warden Dominick Derose, No. 97-1268, slip op. at p. 5 (M.D. Pa. November 3, 1997) (McClure, J.); Jones v. State of Pennsylvania, No. 96-0197, slip op. at p. 3 (M.D. Pa. February 13, 1996) (Caldwell, J.). A civil rights complaint

---

> time if the court determines that - (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

(Emphasis added.)

[3] Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163 (1993).

5

can meet this standard if it alleges the unlawful conduct, the date and place of that conduct, and the identity of the defendant responsible. Id.

Upon examination of Plaintiff's complaint, the court finds he clearly fails to link any properly named defendant to any alleged unlawful act. Plaintiff must assert in any amended complaint that a particular person acting under color of state law was personally involved in any alleged unlawful act or acts so that viable claims are stated. Plaintiff must link a properly named defendant with any alleged unlawful act so that the complaint states a viable § 1983 claim and gives each defendant fair notice of what allegation Plaintiff makes against them and the factual grounds upon which each such claim rests. Further, Plaintiff is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).

An appropriate order will be issued.

_____
SYLVIA H. RAMBO
United States District Judge

Dated: April 30, 2001.

SR:lq

6

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

April 30, 2001

Re:  1:00-cv-01728    Branch v. D.O.C. John Does

True and correct copies of the attached were mailed by the clerk to the following:

```
William R. Branch                With (2) 42-USC-1983 Forms
SCI-WAYMART
CF-3756
P.O. Box 256
Route 6
Waymart, PA  18472-0256
```

```
cc:
Judge                          (X)         (X) Pro Se Law Clerk
Magistrate Judge               ( )         ( ) INS
U.S. Marshal                   ( )         ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( )  with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( )  with Petition attached & mailed certified mail
                                    to:  US Atty Gen  ( )    PA Atty Gen ( )
                                         DA of County ( )    Respondents ( )
Bankruptcy Court               ( )
Other_____   ( )
```

MARY E. D'ANDREA, Clerk

DATE: April 30th, 2001                    BY: _____
                                              Deputy Clerk