IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BRANCH | : | CIVIL ACTION |
| V. | : | NO. CV-00-1728 |
| NEIL HEFFERMAN, P.A., et al. | : | |

MOTION OF NEIL HEFFERMAN, P.A. TO DISMISS THE COMPLAINT
OF WILLIAM BRANCH

Neil Hefferman, P.A. ("Hefferman") respectfully requests that this Court grant his motion to dismiss the complaint of William R. Branch ("Branch") and states in support thereof the following:

1. Branch, an inmate at the State Correctional Institution at Waymart ("SCI-Waymart") has filed a complaint against several prison officials and Hefferman, a physician's assistant, employed by a private corporation to provide medical care to inmates at SCI-Waymart. The allegations against the defendants other than Hefferman relate to unlawful searches and seizures, verbal harassment, their placing Branch in an unhealthy environment, denying bottom bunk status, denying of Branch's religious freedom and denying Branch access to legal materials. A copy of the complaint appears hereto as Exhibit "A". None of these allegations, according to Branch, relate to Hefferman. See Exhibit "A".

2. The only averment concerning Hefferman appears at page A-2 in the complaint and states in its entirety as follows:

> While in the RHU my special diet meals were tampered with - - drink
> lids opened or loose, bread had a heal imprint on it. Also, the caloric
> count for my meal was reduced from 2500 to 2000 calories, allegedly
> at the order of Physician's Assistant Hefferman, who denied authorizing
> the change. Because I am diabetic I must maintain a strict diet.
> However, out of fear for my safety at what might have been done to my

1

> meals, and due to food that had intentionally been tampered with, I was unable to maintain a proper diet.

See Exhibit "A", A-2.

3. Hefferman asks this Court to dismiss the complaint against him on several different grounds each of which independently require the dismissal of the complaint. First, Branch has not sufficiently alleged exhaustion of administrative remedies. He has not set forth utilization of all three tiers of the administrative process provided by the Department of Corrections of the Commonwealth of Pennsylvania at DC-ADM804. See Exhibit "B". 42 U.S.C. §1997e(a) requires that Branch exhaust all available administrative remedies before having the right to proceed in federal court.

4. Second, Branch has not alleged any conduct by Hefferman that constitutes a constitutional violation. He states that he has no idea of whether Hefferman reduced his calories or not. He does not plead the required level of culpability to state a cause of action pursuant to 42 U.S.C. §1983. To state a cause of action pursuant to 42 U.S.C. §1983 Branch must allege that Hefferman knew that his conduct presented a substantial risk of harm to Branch and proceeded with it any way. No such averment appears anywhere in the complaint. See Farmer v. Brennan, 511 U.S. 825 (1994).

5. The allegations in the complaint concerning Hefferman fail to set forth conduct by Hefferman that rises to the level of cruel and unusual punishment. A reduction of calories from 2,500 to 2,000 has not been found to be cruel and unusual punishment by any court.

6. Third, Branch has failed to allege a serious medical need. He has not set forth a condition that raises to the level of a serious medical.

2

WHEREFORE, Neil Hefferman, P.A. respectfully requests that his motion to dismiss the complaint of Branch be granted and that the complaint be dismissed with prejudice.

MONAGHAN & GOLD, P.C.

BY: _____
ALAN S. GOLD
Attorney for Defendant,
Neil Hefferman, P.A.