IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BRANCH | : | CIVIL ACTION |
| V. | : | NO. CV-00-1728 |
| NEIL HEFFERMAN, P.A., et al. | : | |

BRIEF OF NEIL HEFFERMAN, P.A. IN SUPPORT OF THE MOTION TO DISMISS
OF WILLIAM BRANCH

## I. PROCEDURAL HISTORY

William Branch ("Branch") an inmate at the State Correctional Institution at Waymart ("SCI-Waymart") has filed a complaint against Correctional Officer Russian, Mr. Friedman, Captain Griffin, Mrs. Martin, Ms. Surace, Mr. Gorman, Lt. Welling, Neil Hefferman, P.A. ("Hefferman"), Mr. Richards, Mr. Jones, Captain Gavin, Mr. Burke, Pastor Gagas, Mr. Scalzo, Mr. Horn, Ms. Wilbur, Mr. Walsh, Correctional Officer Karkowski, Ms. Suchy, and various John Does. This Court directed Branch to file an amended complaint. Due to a clerical error the Clerk of Court initially processed the amended complaint as a new complaint. The Court issued an order dismissing the complaint for failure to comply with the Court's order. On July 21, 2001, the Court vacated its previous order and reinstated the case and directed the Marshall to serve the amended complaint on all of the named defendants.

The complaint contends that the defendants who were prison officials or prison employees violated various constitutional rights of Branch, including harassing him, falsifying official documents, denying him bottom bunk status, forcing him to inhabit an area where he was subject to smoke, forcing

1

him to cut his hair despite his religious beliefs, prohibiting from participating in religious services and denying him access to legal papers. According to the complaint, Hefferman, a physician's assistant employed by a private corporation, failed to participate in any of this conduct.

Prison Health Services, Inc. ("PHS") a private corporation had entered into a contract with the Department of Corrections of the Commonwealth of Pennsylvania to provide medical services to inmate at SCI-Waymart. Prison Health Services employed Hefferman as a physician's assistant to aid in treating various medical conditions of the inmates at SCI-Waymart. A copy of the complaint appears hereto as Exhibit "A".

The allegations against Hefferman consist of the contention that he ordered the reduction of the caloric count for the meals of Branch from 2,500 to 2,000 calories. The complaint never indicates for how many meals this occurred. The complaint also concedes that Hefferman denied authorizing the change. See Exhibit "A", A-2.

Hefferman has filed a motion to dismiss the complaint of Branch on three different grounds.

## II. STATEMENT OF THE FACTS

The only averments in the complaint of Branch directed to Hefferman appear at A-2 of his complaint[1] and state as follows:

> While in the RHU my special diet meals were tampered with - - drink lids opened or loose, bread had a heal imprint on it. Also, the caloric count for my meal was reduced from 2500 to 2000 calories, allegedly at the order of Physician's Assistant Hefferman, who denied authorizing the change. Because I am diabetic I must maintain a strict diet.

---

[1] That page fails to have any number. The page before it is labeled A-1. Consequently, I refer to it as A-2.

2

> However, out of fear for my safety at what might have been done to my meals, and due to food that had intentionally been tampered with, I was unable to maintain a proper diet. In addition to the food I was scared to consume the unauthorized reduction of my reduced caloric intake combined to jeopardize my health, safety and well being.

See Exhibit "A", A-2.

No other averments appear directed to Hefferman. Even this paragraph fails to constitute an averment against Hefferman. It never indicates that Hefferman took part in the tampering of the food. Branch concedes that Hefferman denied authorizing making the change. The complaint never identifies for how many meals the caloric count was reduced. It could have been one meal, two meals or three meals.

### III. QUESTIONS INVOLVED

1. Does 42 U.S.C. §1997e(a) bar Branch's cause of action based on 42 U.S.C. §1983 against Hefferman when Branch has not alleged that he has utilized any of the grievance procedures provided for by DC-ADM804 and when he has not indicated that he sought monetary damages at any step of the administrative process provided for by the Department of Corrections of the Commonwealth of Pennsylvania?

2. Has Branch stated a cause of action against Hefferman pursuant to 42 U.S.C. §1983 when he has not alleged conduct by Hefferman that violate his constitutional rights and when he has not asserted that Hefferman knew that his conduct or failure to act presented a substantial risk of harm to Branch?

3. Has Branch set forth a cause of action pursuant to 42 U.S.C. §1983 when the only conduct he contends constitutes cruel and unusual punishment by Hefferman consists of Hefferman

3

authorizing a reduction in his caloric intake from 2,500 to 2,000 calories when he concedes that Hefferman denied ever authorizing it?

4. Has Branch set forth a cause of action pursuant to 42 U.S.C. §1983 when he has not alleged a condition which rises to the level of a serious medical need?

## IV. ARGUMENT

A. Branch's Failure To Exhaust The Administrative Remedies Provided To Him By The Department Of Corrections Of The Commonwealth Of Pennsylvania Bars His Claim Against Hefferman Pursuant To 42 U.S.C. §1997e(a).

An examination of the complaint of Branch shows that he has not set forth any averments indicating that he has exhausted his available administrative remedies. Branch's statement that he has exhausted them by checking off a box in his complaint. No indication exists that he utilized any of the procedures provided to him by the Department of Corrections of the Commonwealth of Pennsylvania. The Department of Corrections of the Commonwealth of Pennsylvania has a consolidated inmate grievance procedure at DC-ADM804 effective November 20, 1994. As of 1998 it also provided for the award of monetary damages by means of the grievance procedure. See Exhibit "B". That procedure states that after attempted informal resolution of the problem a written grievance must be submitted by the inmate to the grievance coordinator. An appeal from the coordinator's decision may be made in writing to a facility manager or to a community correctional regional director. A final written appeal must be presented to the Central Review Committee. This procedure provides for the discretionary reward of monetary damages by means of the administrative process. Branch never states that he sought monetary damages during any phase of the administrative procedure. No indication exists that he filed any appeal from the initial denial of his grievance. No indication exists that

4

he filed an initial grievance in the required manner. He never utilized the first tier of the appellate procedure. He never utilized the second tier of the appellate procedure. See Exhibit "A", the complaint.

Branch has to exhaust all available administrative remedies prior to filing any cause of action with this Court based upon any federal statute including 42 U.S.C. §1983. The Congress of the United States has mandated that Branch exhaust his administrative remedies prior to filing an action in this Court. Congress enacted 42 U.S.C. §1997e(a) barring any prisoner in any prison in the United States from initiating any action relating to any prison condition, including medical care, without exhausting all administrative remedies first. That provision reads in relevant part as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the revised statute of the United States (42 U.S.C. §1983) or any other Federal Law by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This provision makes no distinction between an action for damages, injunctive relief or both. See Booth v. Churner, __ U.S. __, 2001 W.L. 567712 (May 29, 2001); Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000). Thus, prisoners have to exhaust available administrative remedies prior to initiating a prison condition case based on ineffective medical care brought pursuant to 42 U.S.C. §1983.

In Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000) the United States Court of Appeals for the Third Circuit decisively concluded that the exhaustion of administrative remedies requirement contained in the Prison Litigation Reform Act of 1996, 42 U.S.C. §1997e(a) applied to any claim by an inmate brought pursuant to 42 U.S.C. §1983 and the United States Constitution regardless of the relief sought. The Court of Appeals expressly rejected the so called futility argument. The Court of Appeals held that

it made no difference whether or not the inmate sought only monetary damages in his federal court claim and the administrative proceeding offered no monetary damages to him. The Court of Appeals indicated that Congress had enacted a mandatory exhaustion requirement regardless of the effectiveness of the available administrative remedies.

But here the administrative remedies did offer monetary damages. But it makes no difference if it did not. Branch still had to exhaust his administrative remedies. He did not.

In <u>Booth v. Churner</u>, <u>supra</u>, 2001 W.L. 567712 the Supreme Court of the United States affirmed the approach of the United States Court of Appeals for the Third Circuit. It concluded that no futility exception existed to the requirement of exhaustion of administrative remedies imposed by Congress when it enacted 42 U.S.C. §1997e(a).

In <u>Geisler v. Hoffman</u>, No. 99-1971 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit concluded that an inmate who brought a cause of action based on 42 U.S.C. §1983 against a physician for deliberate indifference to a serious medical need had failed to state a cause of action because he had not exhausted the administrative remedies provided by the Department of Corrections. According to the Court of Appeals, the plaintiff inmate had failed to exhaust his administrative remedies because he never sought monetary damages by means of the administrative procedures contained in DC-ADM804. The Court held that even if the plaintiff had exhausted his administrative remedies by asking for relief other than monetary damages and had gone through all three tiers of the grievance procedure his claim still had to be dismissed. The failure to seek monetary damages in addition to the other relief sought according to the United States Court of Appeals for the Third Circuit resulted in the plaintiff inmate not having exhausted his administrative remedies as required

6

by 42 U.S.C. §1997e(a). The Court of Appeals upheld the dismissal of the complaint of the plaintiff inmate on that basis. A copy of the Court's opinion appears hereto as Exhibit "C".[2]

In Geisler, supra, the United States Court of Appeals for the Third Circuit also noted that Geisler had failed to exhaust his administrative remedies because he never appealed the original refusal of prison officials to even respond to his grievance. The Court held that he had a duty to utilize both appellate procedures provided to him by the administrative process before he had the ability to bring a cause of action in the United States District Court pursuant to 42 U.S.C. §1983.

In Peoples v. Mohadjerin, No. 3:97-0205 (M.D. Pa. 1997) Judge Conaboy of this court held that an inmate who failed to appeal an initial denial of his grievance did not exhaust his administrative remedies. Judge Conaboy concluded that he had no choice but to dismiss the complaint of that inmate. According to Judge Conaboy, 42 U.S.C. §1997e(a) requires the exhaustion of all available administrative remedies including appellate procedures provided by prison officials before an inmate has the right to bring a cause of action pursuant to 42 U.S.C. §1983. Judge Conaboy stated:

> In that connection, the procedure contemplates several tiers of review and the Grievance Review System is not exhausted when an inmate files a grievance and then takes no other action through established channels when a grievance is not resolved to his or her satisfaction.

Exhibit "D", pp. 3-4.

Judge Conaboy concluded that the failure to proceed with the appeals constituted a failure to exhaust available administrative remedies. The Court dismissed the complaint without prejudice.

---

[2] Although the Court's opinion in Geisler v. Hoffman, supra, is not reported and lacks precedential value Hefferman submits it for the persuasiveness of its reasoning.

Exhibit "C".

In <u>Burkholder v. Newton</u>, Civil Action No.: 4:CV-00-923, Judge McClure of this Court concluded that an inmate who did not set forth the specific factual averments of exhaustion of administrative remedies or offer proof of such exhaustion failed to survive a motion to dismiss based on failure to exhaust administrative remedies. A copy of the court's opinion appears hereto as Exhibit "E".

In <u>Brown v. Toombs</u>, 139 F.3d 1102, 1104 (6th Cir. 1998) <u>cert</u>. <u>den</u>., 119 S.Ct. 88 (1998) the United States Court of Appeals for the Sixth Circuit dismissed a complaint by an inmate brought pursuant to 42 U.S.C. §1983 for failure to allege exhaustion of administrative remedies. According to the Court the plaintiff had to attach copies of the grievances he submitted to his complaint. That analysis applies here.

Consequently, Branch has failed to allege exhaustion of his administrative remedies. Thus, 42 U.S.C.§1997e(a) requires dismissal of his complaint.

    B.    Branch Has Failed To State A Cause Of Action Against Hefferman Pursuant To 42 U.S.C. §1983 Because He Has Not Pled The Subjective Knowledge Required To Allege Deliberate Indifference, He Has Not Set Forth Conduct Or An Omission Of Hefferman That Indicates That Hefferman Violated His Constitutional Rights And The Conduct Set Forth, Even <u>If Proven, Does Not Rise To The Level Of Cruel And Unusual Punishment.</u>

In order to state a cause of action pursuant to 42 U.S.C. §1983, Branch must allege deliberate indifference by Hefferman to a serious medical need. In order to allege deliberate indifference he must set forth factual averments which if proven at trial establish that Hefferman had subjective knowledge that his conduct presented a substantial risk of harm to Branch. The Supreme Court of the United States most recently defined the deliberate indifference standard in its opinion in <u>Farmer v. Brennan</u>,

511 U.S. 825, 114 S.Ct. 1970, 1979 (1994). According to the Supreme Court of the United States deliberate indifference requires a showing that prison medical staff had subjective awareness of a substantial risk of harm to the prisoner. Justice Souter writing for the majority stated:

> We reject [the] invitation to adopt an objective test for deliberate indifference. We hold...that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety...<u>The official must be both aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and he must also draw the inference</u>.

Id. at 114 S.Ct. at 1979. (Emphasis added).

Thus, under <u>Farmer</u>, <u>supra</u>, 114 S.Ct. at 1979, Branch must plead that Hefferman knew that his conduct presented a substantial risk of harm to Branch. An examination of the complaint establishes that Branch has failed to meet this burden. Branch contends that somebody tampered with his food by loosening his drink lids and putting a heel imprint on his bread. He never indicates that Hefferman did that. See complaint, Exhibit "A", A-2. Branch also asserts that somebody reduced the caloric count for his meals from 2,500 to 2,000. He states that it was allegedly Hefferman. He uses the word "allegedly". He then indicates that Hefferman denies authorizing the change. He does not state that he has any basis to believe that Hefferman reduced the caloric count of any of his meals. He never identifies how many meals were effected. He never indicates the length of time that this occurred.

No court anywhere has found that such conduct, even if proven, reaches the level of a constitutional violation and constitutes cruel and unusual punishment. The courts to deal with this issue have found similar allegations insufficient to state a cause of action based on cruel and unusual punishment. In <u>Warren v. Irvin</u>, 985 F.Supp. 350 (W.D.N.Y. 1997) plaintiff, an inmate, contended

that prison officials deprived him of food and water. Prison officials denied him one meal as punishment for violating a requirement of returning trays and cups before receiving the next meal. He was deprived of water because he was using it to flood the gallery area. The court found these violations insufficient to constitute cruel and unusual punishment as a matter of law. The allegations in Warren, supra, far surpasses in severity any claims set forth by Branch here.

In order to state a cause of action pursuant to 42 U.S.C. §1983 the allegations of participation or actual knowledge or acquiescence must be made with particularity. Pearson v. Vaughn, 102 F.Supp. 2d 282 (E.D. Pa. 2000). A complaint alleging an action pursuant to 42 U.S.C. §1983 must state facts such as the time and place of the constitutional deprivation and the person responsible so as to both show the elements of the cause of action and to provide the defendant with adequate notice to answer. Halstead v. Motorcycle Safety Foundation, Inc., 71 F.Supp. 2d 464 (E.D. Pa. 1999).

The complaint of Branch fails to meet this standard. It does not identify what conduct of Hefferman violated the constitutional rights of Branch. Branch never asserts the specific constitutional right that he contends Hefferman violated.

Branch never contends that Hefferman knew that his conduct presented a substantial risk of harm to him. An examination of the complaint shows no averment that remotely meets this requirement. He fails to even present such an averment in a conclusory manner.

Branch, may contend, although he has not done this in his complaint, that Hefferman should have known that his conduct presented a substantial risk of harm to Branch. The federal courts to consider the issue have uniformly rejected the "should have known test" in determining whether or not an inmate stated a cause of action pursuant to 42 U.S.C. §1983.

In <u>Muhammad v. Schwartz</u>, Civil Action No. 96-CV-6027 (E.D. Pa. 1996) Judge Van Antwerpen granted a motion to dismiss a prisoner's claim based on 42 U.S.C. §1983 alleging inappropriate medical care. Judge Van Antwerpen held that the complaint failed to state that the defendant physician knew that his treatment presented a substantial risk of harm to the prisoner. Judge Van Antwerpen held that, "Without alleging actual knowledge, any reference to obviousness via the medical records available or what the doctor 'should have known' is unavailing." See Exhibit "F", opinion of the court, page 10.

In a recent decision in <u>Outterbridge v. Commonwealth of Pennsylvania Department of Corrections, et al.</u>, Civil Action No. 00-1541 (E.D. Pa. June 7, 2000), the Honorable Ronald J. Buckwalter of the United States District Court for the Eastern District of Pennsylvania found averments far more detailed than those contained in the complaint of Branch insufficient to support a cause of action pursuant to 42 U.S.C. §1983. In <u>Outterbridge</u>, the plaintiff asserted that various physicians and physician assistants caused the death of an inmate by providing inappropriate medical care and by ignoring his symptoms which anyone should have known threatened his life. The complaint went on in great detail indicating that the test results showed that the inmate faced imminent danger of death. According to the complaint the physicians and physician assistants looked at the test results and simply refused to act upon them. The Court concluded that this failed to state a cause of action pursuant to 42 U.S.C. §1983 as a matter of law because the plaintiff refused to allege that the physicians and physician assistants knew that their conduct presented a substantial risk of harm to the inmate. A copy of the court's opinion appears hereto as Exhibit "G". Judge Buckwalter stated:

After reviewing the Complaint, the Court finds that the Plaintiff has never alleged that

11

> any of the Medical Defendants drew inferences that Outterbridge faced the risk of serious harm. The Complaint repeats that each Defendant continued to treat Outterbridge with INH even though he complained of its effects. Plaintiff also alleges that the Medical Defendants 'consciously disregarded' abnormal findings resulting from the ingestion of INH. While these facts suggest medical malpractice, they do no sufficiently allege that the Defendants knew of and disregarded the serious risks faced by decedent Outterbridge. Therefore, the Plaintiff's §1983 claim against the Medical Defendants will be dismissed.

See opinion of the Court in Outterbridge, supra at page 4, Exhibit "G".

The analysis of Judge VanAntwerpen and Judge Buckwalter in Muhammad, supra, and Outterbridge, supra, applies here and requires the dismissal of the complaint of Branch against Hefferman. Consequently, Branch has failed to state a claim pursuant to 42 U.S.C. §1983 against Hefferman as a matter of law.

    C.    Branch Has Failed to State A Claim Pursuant To 42 U.S.C.§1983 Concerning The Reduction In Caloric Intake Because He Has Not Sufficiently Alleged Facts That Show That He Suffered From A Serious Medical Need.

In order to state a cause of action pursuant to 42 U.S.C. §1983 for deliberate indifference to a serious medical need Branch must meet a subjective component and objective component. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To meet the objective component of deliberate indifference Branch must show a serious medical need. Id.

A medical need rises to the level of seriousness required for the Eighth Amendment of the United States Constitution if it has been diagnosed by a physician as mandating treatment or if it constitutes a condition so obvious that even a lay person recognizes the necessity for a doctor's attention. Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991). Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 106

(1988). The serious medical need requirement contemplates a condition of urgency, one that produces death, degeneration, or extreme pain. See Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d at 347; Archer v. Dutcher, 733 F.2d 14, 16-17 (2d Cir. 1984). Not every injury or illness invokes Constitutional protection. Only those that rise to the level of seriousness have that affect. Monmouth County Correctional Institutional Inmates, supra, 834 F.2d at 347.

An examination of the complaint of Branch shows that he has not pled a serious medical need. He contends in a conclusory fashion that he had diabetes and that the reduction in his caloric intake from 2,5000 to 2,000 had the potential to effect his diabetes. He fails to indicate how. He fails to indicate that this in fact happened. Branch never states how long the reduction in caloric intake of his meals lasted. He does not indicate any symptoms that he suffered. He does not identify any pain or any injury resulting from the reduction in caloric intake.

The federal courts to consider the issue have uniformly concluded that the conditions similar to that alleged by Branch here that fail to produce death, degeneration, extreme pain or a condition of urgency do not rise to the level of seriousness necessary to support a cause of action based on the Eighth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983. In Branch v. Homily, No. 1:CV-95-0751 (M.D. Pa. 1996), aff'd without opinion __ F.2d __ (3d Cir. 1996) Judge Rambo of this Court concluded that a skin rash combined with the growing of breasts by a male inmate and the shrinking of his testicles failed to constitute a serious medical need as a matter of law. A copy of the Court's opinion appears hereto as Exhibit "H". In Rodriguez v. Joyce, 693 F.Supp. 1250 (D.Me. 1988), the Court concluded that a broken finger failed to rise to the level of a serious medical need. In Glasper v. Wilson, 559 F.Supp. 13 (W.D. N.Y. 1982), the court stated that bowel problems

13

failed to rise to the level of a serious medical need. In Jones v. Lewis, 874 F.2d 1125 (6th Cir. 1989) the United States Court of Appeals for the Sixth Circuit concluded that a mild concussion, together with a broken jaw failed to constitute a serious medical need sufficient to support a claim based on the Eighth Amendment of the United States Constitution. In Hutchinson v. United States, 838 F.2d 390 (9th Cir. 1988) the United States Court of Appeals for the Ninth Circuit concluded that a kidney stone failed to rise to the level of seriousness necessary to support a cause of action based on a violation of the Eighth Amendment of the United States Constitution. In Ware v. Fairman, 884 F.Supp. 1201, 1206 (N.D. Ill. 1995) the court held that the failure to treat a rash, acne and flu failed to state a cause of action for a violation of the Eighth Amendment of the United States Constitution. According to the court, none of these conditions, including the flu, constituted a serious medical need. If the flu, which causes thousands of deaths every year, does not rise to the level of a serious medical need how can the problems set forth by Branch? They cannot. They do not.

In Davidson v. Scully, 914 F.Supp. 1011 (S.D. NY 1996), the Court granted a motion to dismiss the complaint of a prisoner contending that he received inadequate medical care in violation of the Eighth Amendment. The Court concluded that he failed to allege a serious medical need. In that case, the plaintiff complained of tinnitus. The Court concluded that tinnitus failed to constitute an urgent medical condition, the mistreatment of which presents a Constitutional claim. The Court stated that tinnitus was a condition of the ear manifested in a ringing sensation to the sufferer. According to the Court,

> While this condition may very well be painful, it does not cause death, and Plaintiff has not adduced sufficient evidence that his condition is degenerative or causes extreme pain.

14

Id. at 914 F.Supp. at 1015.

In Davidson, supra, 914 F.Supp. at 1015, plaintiff also contended that he had an allergy condition, a podiatric condition, a post-surgery hernia condition, a problem with his knee, urological problems, dermatological problems and cardiological problems. The Court concluded as a matter of law that none of these problems stated a claim pursuant to the Eighth Amendment. According to the Court:

> However appropriate certain care of these conditions may be, the conditions themselves, as presently alleged, are not life-threatening and do not cause the type of extreme pain cognizable in a constitutional claim. (Emphasis added).

Id. at 914 F.Supp. at 1016.

The analysis of the court in Davidson, supra, 914 F.Supp. at 1015 and 1016 applies here. However, appropriate care may be for Branch's vague and conclusory conditions, these conditions as presently alleged fail to constitute a life-threatening condition and do not cause the type of extreme pain required to state a constitutional cause of action.

## V. CONCLUSION

In the light of the foregoing Neil Hefferman, P.A. respectfully requests that his motion to dismiss the complaint of William R. Branch be granted.

MONAGHAN & GOLD, P.C.

BY: _____
ALAN S. GOLD
Attorney for Defendant,
Neil Hefferman, P.A.
7837 Old York Road
Elkins Park, PA 19027
(215) 782-1800

## CERTIFICATE OF SERVICE

    I hereby certify that I have sent a true and correct copy of defendant, Neil Hefferman, P.A.'s Motion to Dismiss the Complaint of the Plaintiff, along with supporting Memorandum of Law and Exhibits via First Class Regular Mail on this date to the following individuals:

Mr. William R. Branch, CF-3756
SCI-Waymart
P.O. Box 256
Route 6
Waymart, PA 18472-0256

Peter Hobart, Esquire
Office of Chief Counsel
Pennsylvania Department of Corrections
55 Utley Drive
Camp Hill, PA  17011

ALAN S. GOLD

DATE: 8/27/01