IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM BRANCH : CIVIL ACTION

V. : NO. CV-00-1728

NEIL HEFFERMAN, P.A., et al. :

FILED
SCRANTON

OCT 2 2 2001

PER _____
DEPUTY CLERK

## SECOND REPLY BRIEF OF NEIL HEFFERMAN, P.A. IN SUPPORT OF HIS MOTION TO DISMISS THE COMPLAINT OF WILLIAM BRANCH

Neil Hefferman, P.A. ("Hefferman") has filed a motion to dismiss the complaint of William Branch ("Branch"). In response Branch filed a motion not to dismiss anyone and a mandamus. This Court has indicated that both documents will be construed as a response to the motion to dismiss of Hefferman. The Court has also permitted Hefferman to file a reply brief. Prior to receiving the Court's order Hefferman submitted a reply brief in response to the plaintiff's motion to dismiss.

Hefferman has never received the plaintiff's mandamus document. Hefferman requests that Branch be required to serve a copy of the mandamus upon him and that Hefferman be given 3 days from receipt to file a short response if necessary.

Branch has also submitted various exhibits not attached to any memorandum or brief. All the exhibits constitute various grievances that Branch filed. An examination of the grievances show without a doubt that he has not exhausted his administrative remedies. They also establish that he has no claim against Hefferman. The inmate grievance dated August 9, 2000 contains a response from Hefferman in which he directs Branch to receive a 2,500 calorie diabetic diet. See Exhibit "A". It appears from Branch's grievance request of August 2, 2000 that the reduction in his caloric intake from 2,500 to 2,000 took place only from July 30, 2000 to August 9, 2000 when Hefferman corrected it. See Exhibit

"B", grievance of August 2, 2000. If it continued beyond that date Hefferman had no responsibility since Hefferman directed that it be restored to 2,500 on that date. No court anywhere has concluded that a reduction of caloric intake in this amount for nine days constitutes deliberate indifference to a serious medical need.

No indication exists from examining these grievances that Branch ever asked for monetary damages during the administrative process. An examination of the grievances establishes that Branch did not exhaust all three tiers of the administrative processes for each of his grievances. The remaining grievances presented by Branch and served upon counsel for Hefferman appear hereto as Exhibit "C".

DC-ADM804 as amended in 1998 provides a monetary damage remedy during the administrative process. It provides a three tier procedure included two tiers of appeals. Branch's failure to seek monetary damages during each stage of the administrative process and to use both tiers of the administrative process results in his not exhausting his administrative remedies as a matter of law. Peoples v. Mohadjerin, No. 3:97-0205 (M.D. Pa. 1997); Geisler v. Hoffman, __ F.3d __ (3d Cir. No. 99-1971, 2000). A copy of the opinion appeared as Exhibit "C" to Hefferman's motion to dismiss.

In the light of the foregoing and in light of the previous memoranda of law submitted by Neil Hefferman, P.A., Neil Hefferman, P.A. respectfully requests that his motion to dismiss the complaint of William Branch be granted.

                    MONAGHAN & GOLD, P.C.

BY: _____
ALAN S. GOLD
Attorney for Defendant,
Neil Hefferman, P.A.

## CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and correct copy of defendant, Neil Hefferman, P.A.'s Second Reply Brief in support of his Motion to Dismiss the Complaint of the Plaintiff via First Class Regular Mail on this date to the following individuals:

Mr. William R. Branch, CF-3756
SCI-Waymart
P.O. Box 256
Route 6
Waymart, PA 18472-0256

Alan Robinson, Esquire
Office of Chief Counsel
Pennsylvania Department of Corrections
55 Utley Drive
Camp Hill, PA  17011

_____
ALAN S. GOLD

DATE: 10/8/01