UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM R. BRANCH,
          Plaintiff

          v.

MR. RUSSIAN, *et al.*,
          Defendants

:
:
:
:
:
:
:
:

CIVIL NO. 1:CV-00-1728

(Judge Rambo)

FILED
HARRISBURG, PA

NOV 06 2001

MARY E. D'ANDREA, CLERK
Per _____
          Deputy Clerk

**M E M O R A N D U M**

Before the court is a motion to dismiss filed by defendant Neil Hefferman, a physician's assistant ("P.A.") on August 28, 2001. Because Plaintiff has failed to state a viable claim as to Hefferman, the motion to dismiss will be granted.

## I. Background

Plaintiff, William Branch, an inmate confined at the State Correctional Institution, Waymart, Pennsylvania, ("SCI-Waymart") filed this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was directed by this court to file an amended complaint. Due to a clerical error, the amended complaint was initially docketed as a new complaint. By court order dated July 21, 2001, this court corrected the error and directed the U.S. Marshal to serve Defendants with the amended complaint. (Doc. 22,

Amended Complaint.)  Named as Defendants in the complaint are Correctional

Officer Russian, Mr. Friedman, Captain Griffin, Mrs. Martin, Ms. Surace, Mr.

Gorman, Lt. Welling, Neil Hefferman, P.A., Mr. Richards, Mr. Jones, Captain Gavin,

Mr. Burke, Pastor Gagas, Mr. Scalzo, Mr. Horn, Ms. Wilbur, Mr. Walsh, Correctional

Officer Karkowski, Ms. Suchy, and various John Does.  (Doc. 22, p. 2.)

Branch completed this court's form application to proceed *in forma pauperis*

and authorization to have funds deducted from his account.  The Prison Litigation

Reform Act (the "PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996),

imposed new obligations on prisoners who file suit in federal court and wish to

proceed *in forma pauperis* under 28 U.S.C. § 1915, *e.g.*, the full filing fee ultimately

must be paid (at least in a non-habeas suit).[1]

The complaint contends that Defendants who were prison officials or prison

employees violated constitutional rights of Branch, including harassing him,

falsifying official documents, denying him bottom bunk status, forcing him to inhabit

an area where he was subject to smoke, forcing him to cut his hair despite his

religious beliefs, prohibiting from participating in religious services, and denying him

access to legal papers.  Plaintiff does not allege in his complaint that Hefferman

participated in any of those conducts.

---

1.    The court issued an administrative order directing the warden of SCI Waymart
to commence deducting the full filing fee from plaintiff's prison trust fund account.

The only averments in the complaint of Branch directed to Hefferman appear at A-2 of his complaint.  Plaintiff states that Hefferman "allegedly" ordered the reduction of the caloric count for his meals from 2,500 to 2,000 calories.  (Doc. 22, A-2.)  Plaintiff further states that Hefferman denied authorizing the change.   The complaint does not identify how many meals were affected by the change.

In his brief in support of his motion to dismiss, Defendant Hefferman raises three grounds as to why he should be dismissed from the instant action.  First, Hefferman contends that Plaintiff has not exhausted his available state remedies.  Next, Defendant  asserts that Branch has failed to state a cause of action against Hefferman because he has not pled the subjective knowledge required to allege deliberate indifference nor set forth conduct or an omission of Hefferman that indicates he violated Plaintiff's constitutional rights and that any conduct set forth, even if proven, does not rise to the level of cruel and unusual punishment.  Lastly, Hefferman contends that Branch has failed to state a claim concerning the reduction in caloric intake because Plaintiff has not sufficiently alleged facts that show he suffered a serious medical need.  Because Plaintiff has failed to state a viable claim as to Hefferman, the motion to dismiss will be granted.  Furthermore, based on the record before the court, it appears that Plaintiff has also failed to exhaust this claim.

## II. Discussion

### A. Standard of Review

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the Plaintiff's allegations. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990). A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) only if the Plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *ALA, Inc. v. CCAIR, Inc.* 29 F.3d 855, 859 (3d Cir. 1994). The reviewing court must consider only those facts alleged in the complaint and accept all of the allegations as true. *Id.*

In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." "The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted). Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3d Cir. 1990); *Independent Enters., Inc. v.*

4

*Pittsburgh Water & Sewer Auth.*, 103 F.3d 1165, 1168 (3d Cir. 1997). This court will now discuss Defendant's motion in light of the standards set forth above and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### B. Deliberate Indifference

The fundamental principles of Eighth Amendment analysis reveal that "only 'the unnecessary and wanton infliction of pain' constitutes cruel and unusual punishment forbidden by [that Amendment]."[2] *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (citations omitted). *Accord Whitley v. Albers*, 475 U.S. 312, 319 (1986). Mere negligence or dissatisfaction with medical care does not state a constitutional claim. *Estelle v. Gamble*, 429 U.S. 97, 105-6 (1976). An Eighth Amendment claim exists only when there is a deliberate indifference to a *serious* medical need. *Id.*; *West v. Keve*, 571 F.2d 158, 161 (3d Cir. 1978).

To establish deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson v. Seiter*, 501 U.S. 294, 299(1991). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

---

2.    The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

"The question . . . is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.' " *Id.*, at 843.

Thus, under *Farmer*, *supra* 511 U.S. at 837, Branch must plead that Hefferman knew that his conduct presented a substantial risk of harm to Branch. A review of the record before this court establishes that Plaintiff has failed to meet this burden. In his complaint, Branch asserts:

> While in the RHU my special diet meals were tampered with–drink lids opened or loose, bread had a heal [sic] imprint on it. Also, the caloric count for my meal was reduced from 2500 to 2000 calories, allegedly at the order of Physician's Assistant Hefferman, who denied authorizing the change. Because I am diabetic I must maintain a strict diet.

(Doc. 22, A-2.) The exhibits submitted by Plaintiff suggest that, at best, an error occurred on the form indicating the amount of calories authorized for Plaintiff and the error was immediately corrected when brought to the attention of the medical staff. Accordingly, Plaintiff has failed to allege that Defendant possessed the required subjective knowledge under *Farmer*. Plaintiff also fails to allege that a substantial risk of harm actually existed.

Furthermore, where an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist.

6

*Nottingham v. Peoria*, 709 F. Supp. 542, 547 (M.D.Pa. 1988). Disagreement among individuals as to the proper medical treatment does not support an Eighth Amendment claim. *Monmouth County Correctional Inst. Inmates v. Lensario*, 834 F.2d 326, 346 (3d Cir. 1987).

There is insufficient proof in the record for a fair-minded jury to conclude that Defendant Hefferman was deliberately indifferent to Branch's medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Indeed, the scope and quality of medical attention that the Defendants, including Hefferman, provided Plaintiff precludes a finding of deliberate indifference. Accordingly, Plaintiff has failed to state a claim against Defendant Hefferman.

## C. Exhaustion

The PLRA provides that "no action shall be brought with respect to prior conditions under section 1983 . . . , by a prisoner confined in any . . . correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). In *Nyhuis v. Reno*, 204 F.3d 65 (3d Cir. 2000), the Third Circuit held that this provision is mandatory whether or not the administrative remedies afford the inmate-plaintiff the relief sought in the federal court action. The United States Supreme Court, in *Booth v. Churner*, 121 S.Ct. 1819 (2001), held that the PLRA "requires administrative exhaustion even where grievance process does not permit

award of money damages and prisoner seeks only money damages, as long as grievance tribunal has authority to take some responsive action." *See also Irwin v. Hawk*, 40 F.3d 347, 348 (11th Cir. 1994) ("When Congress prescribes an administrative remedy, application of the exhaustion requirement is not a matter of judicial discretion."). Thus, prisoners are required to exhaust available administrative remedies prior to seeking relief pursuant to 42 U.S.C. § 1983 or any other federal law.

Hefferman asserts that Plaintiff did not exhaust all three tiers of the administrative processes for each of his grievances.[3] Hefferman relies upon Plaintiff's own exhibits to demonstrate that Branch has not completely exhausted his claims prior to filing the instant complaint.[4]

---

3. The Pennsylvania Department of Corrections has a Consolidated Inmate Grievance Review System. DC-ADM 804 (effective October 20, 1994). With certain exceptions not applicable here, DC-ADM 804 provides for an administrative review of institutional grievances. A grievance is a complaint submitted by an inmate related to a problem encountered during the course of confinement. DC-ADM 804 provides that an inmate may submit a written grievance to the prison's Grievance Coordinator. An appeal from the decision of the Grievance Coordinator may be made in writing to the prison superintendent, and a final written appeal may be presented to the Chief Hearing Examiner for the Department of Corrections. DC-ADM 804 has since been amended effective January 1, 2001. As of January 1, 2001, all inmates under the jurisdiction of the Department who have been personally affected by a Department or institution action or policy are permitted to file a grievance, to file an appeal to the facility manager from the initial grievance review, and to file a final appeal of the grievance decision to the Secretary's Office of Inmate Grievances and Appeals.

4. If Defendant had attached documents outside of the pleadings to his motion to dismiss, the court would have treated the motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(b); *see also Camp v. Brennan*, 219 F.3d 279, 280 (3d Cir.

Based on Plaintiff's own pleadings and record of exhaustion, Branch has failed to allege that he has exhausted all available state administrative remedies on his claim as to Hefferman. The only exhibits regarding the caloric intake reduction claim consisted of inmate's requests to staff member. Based on those exhibits, it appears that Plaintiff's concerns were addressed at the informal stage. Even if Plaintiff had stated a viable claim, it would have been dismissed since Plaintiff did not complete the grievance process.

---

2000). The purpose of this conversion is to provide the non-moving party to attach its own affidavits or other materials in opposition to the motion before it is converted. That is not the scenario before this court. The moving party did not attach materials outside the pleadings but instead pointed towards Plaintiff's inconsistencies within his own pleadings and exhibits to show that Plaintiff has not properly alleged full exhaustion of his claim as to Hefferman. Accordingly, it is not necessary to construe the motion to dismiss as a motion for summary judgment.

### III. Conclusion[5]

Defendant's motion to dismiss will be granted because Plaintiff failed to state a viable claim as to Defendant Hefferman.  For clerical purposes, the Clerk of Court will be directed to provide Defendant with a copy of Plaintiff's "mandamus" (Doc. 31), which was construed as part of his opposing brief.  Because the court is ruling in

---

5.   In his amended complaint, Plaintiff stated he wanted a change of venue as part of his relief because he did not think this court could be fair.  Although it is an improper motion for recusal, the court will nonetheless address Plaintiff's concern.  Under 28 U.S.C. § 455(a), a judge should recuse himself "in any proceeding in which his impartiality might reasonably be questioned."  Further, § 455(b) provides examples of specific circumstances under which disqualification is necessary.

It is well-settled that recusal is only appropriate when it appears a judge has "bias generated from a source outside the context of the judicial proceeding."  *United States v. Veteto*, 701 F.2d 136, 140 (11th Cir.), *cert. denied*, 464 U.S. 839 (1983).  In deciding a motion for recusal, the court must apply an objective standard.  *Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir. 1987).  The proper inquiry is not whether the moving party subjectively believes the judge has some preconceived bias or prejudice, but rather whether a reasonable person, knowing all of the facts and circumstances ". . . would harbor doubts concerning the judge's impartiality." *Blanche Rd. Corp. v. Bensalem Township*, 57 F.3d 253, 266 (3d Cir. 1995) (citing *U.S. v. Dalfonso*, 707 F.2d 757, 760 (3d Cir. 1983)); *see also In re Antar*, 71 F.3d 97, 101 (3d Cir. 1995).  In determining whether an appearance of impropriety arises from my involvement in the case, the proper inquiry is "whether a reasonable person, knowing all the acknowledged circumstances, might question [my] continued impartiality." *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 164 (3d Cir. 1993)(citation omitted).  Based on the facts set forth above, no reasonable person, with knowledge of all the circumstances would have cause to question my impartiality.  Therefore, recusal is unnecessary.

10

favor of Defendant, it is unnecessary to grant an enlargement of time for Defendant to respond to the document.  An appropriate order is attached.

SYLVIA RAMBO
United States District Judge

Dated:  November  6  , 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

Re:  1:00-cv-01728   Branch v. D.O.C. John Does

True and correct copies of the attached were mailed by the clerk
to the following:

William R. Branch #CF-3756
SCI-WAYMART
P.O. Box 256
Route 6
Waymart, PA  18472-0256

Gwendolyn T. Mosley, Esq.
Office of the Attorney General
Strawberry Sq. 15th Floor
Harrisburg, PA  17120   Fax No.: 717-772-4526

Alan S. Gold, Esq.
Monaghan & Gold, P.C.
7837 Old York Road
Elkins Park, PA  19027

*with copy of Doc # 31*

cc:
Judge                     (X )        ( X ) Pro Se Law Clerk
Magistrate Judge          (  )        (  ) INS
U.S. Marshal              (  )        (  ) Jury Clerk
Probation                 (  )
U.S. Attorney             (  )
Atty. for Deft.           (  )
Defendant                 (  )
Warden                    (  )
Bureau of Prisons         (  )
Ct Reporter               (  )
Ctroom Deputy             (  )
Orig-Security             (  )
Federal Public Defender   (  )
Bankruptcy Court          (  )
Other_____    (  )

MARY E. D'ANDREA, Clerk

DATE: November 6th, 2001           BY: _____
                                       Deputy Clerk