IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BRANCH | : | CIVIL ACTION |
| V. | : | NO. CV-00-1728 |
| NEIL HEFFERMAN, P.A., et al. | : | (Judge Rambo) |

BRIEF OF NEIL HEFFERMAN, P.A. IN OPPOSITION TO THE
MOTION FOR RECONSIDERATION OF THE COURT'S GRANTING
OF THE MOTION TO DISMISS OF NEIL HEFFERMAN, P.A.

I. PROCEDURAL HISTORY

William Branch ("Branch") an inmate at the State Correctional Institution at Waymart ("SCI-Waymart") has filed a complaint against Correctional Officer Russian, Mr. Friedman, Captain Griffin, Mrs. Martin, Ms. Surace, Mr. Gorman, Lt. Welling, Neil Hefferman, P.A. ("Hefferman"), Mr. Richards, Mr. Jones, Captain Gavin, Mr. Burke, Pastor Gagas, Mr. Scalzo, Mr. Horn, Ms. Wilbur, Mr. Walsh, Correctional Officer Karkowski, Ms. Suchy, and various John Does. This Court directed Branch to file an amended complaint. Due to a clerical error the Clerk of Court initially processed the amended complaint as a new complaint. The Court issued an order dismissing the complaint for failure to comply with the Court's order. On July 21, 2001, the Court vacated its previous order and reinstated the case and directed the Marshall to serve the amended complaint on all of the named defendants.

The complaint contends that the defendants who were prison officials or prison employees violated various constitutional rights of Branch, including harassing him, falsifying official documents, denying him bottom bunk status, forcing him to inhabit an area where he was subject to smoke, forcing him to cut his hair despite his religious beliefs, prohibiting from

1

participating in religious services and denying him access to legal papers. According to the complaint, Hefferman, a physician's assistant employed by a private corporation, failed to participate in any of this conduct.

Prison Health Services, Inc. ("PHS") a private corporation had entered into a contract with the Department of Corrections of the Commonwealth of Pennsylvania to provide medical services to inmate at SCI-Waymart. Prison Health Services employed Hefferman as a physician's assistant to aid in treating various medical conditions of the inmates at SCI-Waymart. A copy of the complaint appears hereto as Exhibit "A".

The allegations against Hefferman consist of the contention that he ordered the reduction of the caloric count for the meals of Branch from 2,500 to 2,000 calories. The complaint never indicates for how many meals this occurred. The complaint also concedes that Hefferman denied authorizing the change. See Exhibit "A", A-2.

Hefferman filed a motion to dismiss the complaint of Branch on three different grounds. This Court granted the motion to dismiss on several different grounds, including failure to exhaust administrative remedies and failure to plead deliberate indifference to a serious medical need. A copy of the court's opinion appears hereto as Exhibit "B".

Branch has now filed a motion for reconsideration. Hefferman files this brief in opposition to the motion for reconsideration.

## II. FACTUAL ISSUES

Hefferman incorporates as if set forth herein in full the procedural history.

## III. QUESTIONS PRESENTED

2

Should the Court grant a motion for reconsideration when the plaintiff provides no new argument and no new factual averments?

## IV. ARGUMENT

Branch has presented no basis to support his motion to reconsider. He does not submit new case authority which came into existence after the Court ruled. He has not submitted no new facts which he lacked the ability to present to the Court originally.

Instead, Branch contends that he requires Hefferman as a witness. This fails to constitute a basis for denying a motion to dismiss.

Branch never addresses the exhaustion of administrative remedies issue upon which this Court based its motion to dismiss. Branch never shows where the Court erred in concluding that he had not pled deliberate indifference to a serious medical need which constitutes the other basis for this Court's granting of the motion to dismiss. Consequently, Branch has not shown any ground upon which this Court can grant his motion for reconsideration.

## V. CONCLUSION

In the light of the foregoing, Neil Hefferman, P.A., respectfully requests that the motion for reconsideration of William Branch be denied.

GOLD, BUTKOVITZ & ROBINS, P.C.

BY: _____
ALAN S. GOLD
Attorney for Defendant,
Neil Hefferman, P.A.

4

## CERTIFICATE OF SERVICE

      I hereby certify that I have sent a true and correct copy of defendant, Neil Hefferman, P.A.'s Answer and Memorandum of Law in Opposition to William Branch's Motion for Reconsideration via First Class Regular Mail on this date to the following individuals:

Mr. William R. Branch, CF-3756
SCI-Waymart
P.O. Box 256
Route 6
Waymart, PA 18472-0256

Alan Robinson, Esquire
Office of Chief Counsel
Pennsylvania Department of Corrections
55 Utley Drive
Camp Hill, PA  17011

_____
ALAN S. GOLD

DATE: 11/28/01

5