57

12-13-01

MA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM R. BRANCH,                    :
      **Plaintiff**                    :    **CIVIL NO. 1:CV-00-1728**
                                     :
v.                                    :    **(Judge Rambo)**
                                     :
Mr. Russian, *et. al.*,               :
      **Defendants**                  :

**FILED**
HARRISBURG, PA

DEC 1 3 2001

MARY E. D'ANDREA, CLERK
Per _____ MA
Deputy Clerk

## MEMORANDUM AND ORDER

Plaintiff, William Branch, an inmate confined at the State Correctional

Institution, Waymart, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C.

§ 1983. On August 28, 2001, Defendant Hefferman filed a motion to dismiss which

was granted pursuant to court order dated November 6, 2001. Plaintiff now files the

instant motion for reconsideration (Doc. 48-1) of the dismissal of Hefferman. Also

pending before the court is Plaintiff's motion to proceed *in forma pauperis* (Doc. 48-

2) and motion to charge the attorney general with fraud on court. Because this court

finds that Branch has failed to provide the evidence required for a successful motion

for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure,

Plaintiff's motion for reconsideration will be denied. Plaintiff's motion to proceed *in*

*forma pauperis* will be dismissed as moot because the court granted Plaintiff's

previous application. Plaintiff's remaining motion will be dismissed as meritless.

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered previously, might have affected the court's decision. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). It has also been held that a motion for reconsideration is appropriate in instances such as where the court has ". . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his pending motion for reconsideration, Branch fails to demonstrate a change of law, new evidence, or a need to correct clear error of law indicating that his previous claim merits reconsideration. In support of reconsideration, Plaintiff simply argues that Defendant is a necessary witness to his case. Although Hefferman has

been dismissed as a Defendant, that order does not make Hefferman unavailable to be called as a witness by either party if this matter went to trial.

Accordingly, this court finds that Plaintiff has not satisfied the requirements for a successful motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, and, therefore, Plaintiff's motion will be denied.

**IT IS HEREBY ORDERED THAT:**

1. The motion for reconsideration (Doc. 48-1) is **DENIED**.

2. Plaintiff's motion to charge the attorney general with fraud on court (Doc. 44) is **DISMISSED** as meritless.

3. Plaintiff's motion to proceed *in forma pauperis* (Doc. 48-2) is **DISMISSED AS MOOT**.

SYLVIA H. RAMBO
United States District Judge

Dated: December _13_ , 2001.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *


Re:   1:00-cv-01728   Branch v. D.O.C. John Does


True and correct copies of the attached were mailed by the clerk
to the following:


     William R. Branch CF-3756
     SCI-WAYMART
     P.O. Box 256 Route 6
     Waymart, PA  18472-0256

     Gwendolyn T. Mosley, Esq.
     Office of the Attorney General
     Strawberry Sq. 15th Floor
     Harrisburg, PA  17120   Fax No.: 717-772-4526


cc:
Judge                      (X )        (X ) Pro Se Law Clerk
Magistrate Judge           ( )         ( ) INS
U.S. Marshal               ( )         ( ) Jury Clerk
Probation                  ( )
U.S. Attorney              ( )
Atty. for Deft.            ( )
Defendant                  ( )
Warden                     ( )
Bureau of Prisons          ( )
Ct Reporter                ( )
Ctroom Deputy              ( )
Orig-Security              ( )
Other_____       ( )

                               MARY E. D'ANDREA, Clerk


DATE: December 13th, 2001        BY: _____
                                     Deputy Clerk