64
1-15-02
MA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM R. BRANCH,** | : | |
| **Plaintiff** | : | CIVIL NO. 1:CV-00-1728 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| Mr. Russian, *et. al.*, | : | |
| **Defendants** | : | |

### O R D E R

FILED
JAN 1 4 2002
PER _____ MA
HARRISBURG, PA  DEPUTY CLERK

Plaintiff, William Branch, an inmate confined at the State Correctional Institution, Waymart, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. On August 28, 2001, Defendant Hefferman filed a motion to dismiss which was granted pursuant to court order dated November 6, 2001. Plaintiff filed a motion for reconsideration (Doc. 48-1) of the dismissal of Hefferman. Because the court found that Branch failed to provide the evidence required for a successful motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure, Plaintiff's motion for reconsideration was denied pursuant to court order, (Doc. 57), on December 13, 2001.

On December 26, 2001, Plaintiff filed a motion to extend time to respond to court's order denying his motion to reconsider. (Doc. 59). On January 3, 2002, Plaintiff filed his second motion for reconsideration, (Doc. 60), regarding the

dismissal of Defendant Hefferman. Because the court has previously denied Plaintiff's motion for reconsideration, his motion to extend time to respond to court's order (Doc. 59) will be denied. Plaintiff's second motion for reconsideration is not accepted by the court and the Clerk of Court will be directed to strike it from the record and return it to Plaintiff.[1]

Plaintiff has also filed a motion for temporary injunction. (Doc. 50.) Although Plaintiff filed a document entitled "support memorandam (sic) for injunction relief," (Doc. 54), the document merely recites his claims for an injunction. Although entitled a support memorandum, the document is not a brief in support of his motion for temporary injunction. Because Plaintiff has failed to comply with our local rules, the motion will be deemed withdrawn for his failure to submit a supporting brief. *See* M.D. Pa. Local Rule 7.5.

The remaining Defendants in this case filed an answer to Plaintiff's complaint on October 16, 2001. More than 30 days have elapsed since the filing of

---

1. The court notes that Plaintiff, in his second motion for reconsideration, offers as evidence a letter from the chief grievance coordinator which, on its face, would suggest he did exhaust his claims. The letter is dated eleven (11) months after the filing of the instant complaint. Upon review of the documents, the initial grievance only pertained to a haircut exemption issue. In his final appeal of that grievance to the chief grievance coordinator, Plaintiff raises other claims that he raised in the instant complaint including his allegation against Defendant Hefferman. The chief grievance coordinator did not address that issue because he only properly reviewed the issue(s) investigated at the earlier stages of the grievance. Plaintiff continues to fail to demonstrate exhaustion of his claim against Defendant Hefferman.

2

Defendants' answer and affirmative defenses and no dispositive motions have been filed. Because the court is responsible for the orderly and expeditious management of cases and because we believe that this case should be brought to fruition without further delay, the court will allow the parties 30 days from the date of this order to complete discovery and 60 days from the date of this order in which to file dispositive motions. If the parties fail to file such motions within the required time period, this case will be set for pretrial conference and trial.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion to extend time to respond to court's order denying his motion to reconsider, (Doc. 59), is **denied**.

2. The Clerk of Court is directed to strike Plaintiff's second motion for reconsideration (Doc. 60) from the record and return it to Plaintiff.

3. Plaintiff's motion for temporary injunction, (Doc. 50), is deemed withdrawn pursuant to M.D. Pa. Local Rule 7.5.

4. The parties shall have 30 days from the date of this order in which to complete discovery.

5. The parties shall have 60 days from the date of this order in which to file any dispositive motions.

6. Failure of the parties to file such dispositive motions within the aforesaid time period will result in the matter being set for pretrial conference and trial.

SYLVIA H. RAMBO
United States District Judge

Dated: January 14, 2002.

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

Re:  1:00-cv-01728   Branch v. D.O.C. John Does

True and correct copies of the attached were mailed by the clerk to the following:

William R. Branch CF-3756
SCI-WAYMART
P.O. Box 256 Route 6
Waymart, PA  18472-0256

Gwendolyn T. Mosley, Esq.
Office of the Attorney General
Strawberry Sq. 15th Floor
Harrisburg, PA  17120   Fax No.: 717-772-4526

cc:
Judge                          (X )          (X) Pro Se Law Clerk
Magistrate Judge               ( )           ( ) INS
U.S. Marshal                   ( )           ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Other_____         ( )

MARY E. D'ANDREA, Clerk

DATE: January 14th, 2002           BY: /s/ Mark Anderdale
                                        Deputy Clerk