IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM R. BRANCH,<br>　　　Plaintiff | : CIVIL NO. 1:CV-00-1728<br>:<br>: |
| v. | : (Judge Rambo)<br>: |
| MR. RUSSIAN, *et. al.*,<br>　　　Defendants | :<br>: |

**O R D E R**

Plaintiff, William Branch, an inmate confined at the State Correctional Institution, Waymart, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the court is Plaintiff's motion for discovery (Doc. 63) filed on January 14, 2002. Said document will be construed as a motion to compel discovery. Plaintiff has also filed a motion entitled "motion to add exhibit AA-8 . . ." (Doc. 62). Plaintiff's motion to compel discovery will be dismissed as premature. Plaintiff's motion to add exhibit will be granted.

Pursuant to court order dated January 14, 2002, Plaintiff and Defendants were directed to complete discovery in 30 days and file dispositive motions within 60 days of the order. Local Rule 5.4(b) states that requests for documents shall be served

upon other counsel and parties but shall not be filed with the court except as authorized by a provision of the Federal Rules of Civil Procedure or upon an order of the court. Federal Rule of Civil Procedure 37(a)(2) states, in relevant part, that:

> [I]f a party, in response to a request for inspection submitted under Rule 34, . . . fails to permit inspection as requested, the discovering party may move for an order . . . compelling inspection in accordance with the request. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Plaintiff's motion did not include a certification that Branch has in good faith conferred or attempted to confer with Defendants regarding his discovery requests. Plaintiff must first request the documents directly from Defendants. Because Plaintiff failed to comply with Federal Rule of Civil Procedure 37(a)(2), and appears to have failed to comply with Middle District Local Rule 5.4(b), his motion to compel discovery will be dismissed as premature.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion for discovery will be construed to be a motion to compel discovery. (Doc. 63). Said motion is **dismissed** as premature.

2. Plaintiff's motion (Doc. 62) to add exhibit AA-8 is **granted.**[1]

*signature*
SYLVIA H. RAMBO
United States District Judge

Dated: January 29, 2002.

---

[1] The actual exhibit was improperly docketed with the motion for discovery (Doc. 63).

3

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

January 29, 2002

Re:  1:00-cv-01728    Branch v. D.O.C. John Does

True and correct copies of the attached were mailed by the clerk
to the following:

    William R. Branch
    SCI-WAYMART
    CF-3756
    P.O. Box 256
    Route 6
    Waymart, PA  18472-0256

    Gwendolyn T. Mosley, Esq.
    Office of the Attorney General
    717-772-4526
    Strawberry Sq.
    15th Floor
    Harrisburg, PA  17120

cc:
Judge                          (✓)           ( ) Pro Se Law Clerk
Magistrate Judge               (✓)           ( ) INS
U.S. Marshal                   ( )           ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( )  with N/C attached to complt. and served by:
                                    U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( )  with Petition attached & mailed certified mail
                                    to:  US Atty Gen   ( )    PA Atty Gen ( )
                                         DA of County  ( )    Respondents ( )

Bankruptcy Court               ( )
Other_____           ( )

                                                  MARY E. D'ANDREA, Clerk

DATE: _____1-29-02_____                    BY: _____[signature]_____
                                                Deputy Clerk

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

## AUTHORIZATION TO TRANSMIT NOTICE OF ORDERS AND JUDGMENTS VIA ELECTRONIC MEANS

The Clerk of Court for the U.S. District Court for the Middle District of Pennsylvania is hereby authorized to transmit notice of entries of judgments and orders by electronic means in any case in which this capability exists and the undersigned appears as the attorney of record.[1]

I understand it is my responsibility to provide the Clerk's Office with a number dedicated for facsimile transmission and/or e-mail address and to notify the Clerk's Office promptly in writing if the dedicated FAX number or e-mail address changes. I also understand this electronic notice will be in lieu of notice by mail.

Printed Name: _____

PA Bar ID: _____

Firm Name: _____

Address: _____
_____
_____

Phone: _____

Signature: _____

Date: _____

---

**FAX NUMBER DEDICATED FOR NOTICE:** _____

**E-MAIL ADDRESS DEDICATED FOR NOTICE:** _____

(Note: e-mail feature will not be available until Spring 2002)

---

Mail, fax or e-mail this authorization to:    Clerk, U.S. District Court
William J. Nealon Federal Building & U.S. Courthouse
235 North Washington Avenue
P.O. Box 1148
Scranton, PA 18501-1148

Fax (570) 207-5650    E-Mail: *mdpacourt@pamd.uscourts.gov*

**Please file only one authorization form. It will activate an account in all cases in which you are an attorney of record. You will receive notice by electronic means when your account has been established.**

---

[1] February 1, 2002 - Social Security Cases and Criminal Cases are **not** included in the Middle District's progam at this time, but may be included in the future.