

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

FEB 01 2002

PER _____
DEPUTY CLERK

| | | |
|---|---|---|
| WILLIAM BRANCH | : | CIVIL ACTION |
| V. | : | NO. CV-00-1728 |
| NEIL HEFFERMAN, P.A., et al. | : | (Judge Rambo) |

## BRIEF OF NEIL HEFFERMAN, P.A. IN OPPOSITION TO THE PLAINTIFF'S SECOND MOTION TO RECONSIDER

### I. PROCEDURAL HISTORY

William Branch ("Branch"), an inmate in the state correctional system of the Commonwealth of Pennsylvania, has filed a complaint pursuant to 42 U.S.C. §1983 against several defendants, including Neil Hefferman, P.A. ("Hefferman"), a physician's assistant employed by a private corporation to provide private medical care to inmates. Hefferman filed a motion to dismiss the complaint. The Court granted the motion on several different grounds. Branch filed a motion to reconsider. The Court denied the motion to reconsider. Branch has now filed a second motion to reconsider.

### II. FACTUAL BACKGROUND

Hefferman incorporates by reference as if set forth herein in full the procedural history above.

### III. ISSUES PRESENTED

Should the Court grant a second motion to reconsider when the second motion to reconsider fails to set forth any basis to grant the motion since it does not indicate new case law that would result in a change of this Court's decision and does not present evidence that did not exists at the time that the Court ruled on the motion to dismiss?

## IV. ARGUMENT

Branch misuses the device of the motion to reconsider. He now for the second time simply tells the Court that it made a mistake. This fails to constitute a basis to grant a motion to reconsider. Branch has not set forth any new case authority that did not exist at the time that the Court ruled. He submits no case authority new or otherwise.

Branch does not indicate that he has discovered evidence that he did not have available to him at the time the Court ruled on the motion to dismiss. Instead, he now makes a new allegation that unidentified prison officials discriminated against him because he was black and they were white. He does not indicate that Hefferman took part in this. He does not indicate that Hefferman changed his diet or any engaged in improper conduct.

Branch cannot repeatedly ask this Court to reconsider the same decision over and over again. At some point this puts an unfair strain upon the Court's scarce resources and an unfair burden upon Hefferman and his counsel. That point has been reached.

## VI. CONCLUSION

In the light of the foregoing Neil Hefferman, P.A. respectfully requests that the second motion of William Branch be denied.

GOLD, BUTKOVITZ & ROBINS, P.C.

BY: _____
ALAN S. GOLD
Attorney for Defendant,
Neil Hefferman, P.A.

## CERTIFICATE OF SERVICE

I hereby certify that I have sent a true and correct copy of defendant, Neil Hefferman, P.A.'s Answer and Memorandum of Law in Opposition to William Branch's Second Motion for Reconsideration via First Class Regular Mail on this date to the following individuals:

Mr. William R. Branch, CF-3756
SCI-Waymart
P.O. Box 256
Route 6
Waymart, PA 18472-0256

Alan Robinson, Esquire
Office of Chief Counsel
Pennsylvania Department of Corrections
55 Utley Drive
Camp Hill, PA   17011

ALAN S. GOLD

DATE: 1/25/02