IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM R. BRANCH,
    Plaintiff

    v.

MR. RUSSIAN, *et. al.*,
    Defendants

: CIVIL NO. 1:CV-00-1728
:
: (Judge Rambo)
:
:
:

### ORDER

**FILED MAR 0 5 2002**
HARRISBURG, PA  DEPUTY CLERK

Plaintiff, William Branch, an inmate confined at the State Correctional Institution at Waymart, Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the court is Plaintiff's motion for discovery and for *in forma pauperis* status (Doc. 73) filed on February 19, 2002.  Said document will be construed as a motion to compel discovery.  **IT IS HEREBY ORDERED:**

  1) Plaintiff's motion to compel discovery (Doc. 73) is deemed withdrawn for his failure to submit a supporting brief.[1]  *See* M.D. Pa. Local Rule 7.5.

  2) Plaintiff's request for *in forma pauperis* status is dismissed as moot since his application for *in forma pauperis* status has previously been granted.

                _/s/ Sylvia H. Rambo_
                SYLVIA H. RAMBO
                United States District Judge

Dated: March 5, 2002.

---

[1] Even if Plaintiff had filed a supporting brief, his motion would be dismissed as premature for failing to comply with Federal Rule of Civil Procedure 37(a)(2) which states, in relevant part, that:

> [I]f a party, in response to a request for inspection submitted under Rule 34, ... fails to permit inspection as requested, the discovering party may move for an order ... compelling inspection in accordance with the request.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action.

Plaintiff's *pro se* status does not relieve him of this duty.  *See, e.g.*, *Clymer v. Attorney General's Office*, No. 98-6111, 1999 WL 269930 (E.D. Pa. Apr. 21, 1999); *Smith v. Campagna*, No. 94C7628, 1996 WL 364770 (N.D. Ill. June 26, 1996).