IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **William Branch** | : | |
| **Plaintiff** | : | |
| | : | No. 1:CV 00-1728 |
| v. | : | |
| | : | |
| **CO Russian, et al.** | : | (Judge Conner) |
| **Defendants** | : | (Electronically Filed) |

**DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION**

**STATEMENT OF THE CASE**

This is a civil rights action by a state prisoner alleging, *inter alia,* retaliation and denial of access to the courts.

Plaintiff is William Branch, who is a prisoner confined at the State Correctional Institution at Waymart("SCI-Waymart"). Branch has been granted *in forma paperis* status and is proceeding *pro se.*

Defendants are the former Secretary of the Department of Corrections, Martin Horn, and a number of present and former employees of the Department: Raymond Colleran, SCI-Waymart Superintendent; Kim Griffiths; Wayne Gavin; Timothy Welling; William Gagas; Milton Freidman; Elaine Martin; Ronald Richards, Christopher Jones; Martin Walsh; Christina Wilbur; David Gorman; Joseph Sclazo; Neil Heffernan; Carol Surace; and Richard Russian.

The complaint is said to be premised upon the First, Sixth, Eighth and

Fourteenth Amendments and is brought pursuant to 42 U.S.C. §1983. The complaint requests injunctive relief and damages. A jury trial has also been requested.

Defendants have moved for summary judgment in their favor on all Branch's claims. While defendants' motion is pending, Branch has filed a motion for a preliminary injunction seeking an order directing "the prison" to cease ordering him to cut his hair until his claims are resolved. In support of his motion for interim relief, Branch claims that he was denied the opportunity on two occasions to shower before attending church and ordered to get his hair cut. It is not clear whether Branch is contending that these actions constitute retaliation for the exercise of his right to petition the court or right to freely practice his religion. Defendants deny that Branch has been subject to retaliation for any reason and oppose his motion for a preliminary injunction.

## STATEMENT OF THE ISSUE PRESENTED

Whether Branch's motion for a preliminary injunction should be denied in that it is not likely that he will prevail on the merits and there has been no showing of irreparable harm?

## ARGUMENT

BRANCH'S MOTION FOR A PRELIMINARY INJUNCTION SHOULD BE DENIED BECAUSE IT IS NOT LIKELY THAT HE WILL PREVAIL ON THE MERITS AND THERE HAS BEEN NO SHOWING OF IRREPARABLE HARM.

Introduction

An injunction is an "extraordinary remedy which should be granted only in limited circumstances." *American Tel. & Tel. Co. v. Winback & Conserv. Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994) (*citing Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988), *cert. denied*, 115 S.Ct. 1838 (1995). "[T]his proposition is particularly apt in motions for preliminary injunctions, when the motion comes before the facts are developed to a full extent through the normal course of discovery." *Id*. at 1427.

In ruling on a motion for a preliminary injunction, a district court must consider, (1) the likelihood that the plaintiff will prevail on the merits at final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest. *Opticians Ass'n v. Independent Opticians*, 920 F.2d 187, 191-92 (3d Cir. 1990)

An injunction should be issued only if the moving party produces evidence sufficient o convince the Court that all four factors favor preliminary relief,

*Merchants & Evans, Inc. v. Roosevelt Bldg. Products Co.*, 963 F.2d 628, 632-33 (3rd Cir. 1992). A district court may not grant interim injunctive relief absent proof of the likelihood of success on the merits or irreparable harm by the denial of the relief sought. *McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ.*, 24 F.3d 519, 523 (1994); *Hoxworth v. Blinder Robinson & Co.*, 903 F.2d 186, 197 (3rd Cir. 1990).

When a prisoner requests injunctive relief, said request "must always be viewed with great caution because 'judicial restraint is especially called in dealing with complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995); *Forrest v. Nedab*, 1999 WL 552546 at *3 (E.D. Pa . June 29, 1999). Where a prisoner requests that an injunction that would require the Court to intervene with the management of a state prison, "appropriate consideration must be given to the principles of federalism in determining the availability and scope of equitable relief. " *Rizzo v. Goode*, 423 U.S. 362, 379 (1976); *see Meacham v. Fano*, 427 U.S. 215, 229, (1976) ("The federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States.")

Against these standards, it is clear that Branch's motion for a preliminary injunction should be denied.

<u>There is No Likelihood That Branch Will Prevail on the Merits.</u>

It is well- established that prisoners do not forfeit all of their constitutional protections by reason of their conviction and confinement in prison. *Bell v. Wolfish,* 441 U.S. 520, 545 (1979)  Sincerely held religious beliefs of prisoners are entitled to First Amendment protection.  *See Africa v. Commonwealth of Pennsylvania,* 662 F.2d 1025, 1029-30(3d Cir. 1981)  In addition,  prisoners' exercise of First Amendment freedoms may be  protected when such exercise does not disrupt prison order or stability or other wise interfere with legitimate penological objectives of the prison environment.  *See Jones v. North Carolina Prisoners' Labor Union,* 433 U.S. 119, 132 (1977).  But even if a prisoner had no constitutional right to freely practice his religion, prison officials cannot interfere with his religious practice in retribution.  An act done in retaliation for the exercise of a constitutionally protected right is actionable under §1983 even if the act, when taken for a different reason, would have been proper. *See e.g. Newsom v. Norris,* 888 F.2d 371 (6th Cir. 1989)(failure to reappoint prisoners as inmate advisors)

However,  to obtain relief under  § 1983 for  retaliation in response to the exercise of  rights guaranteed  by the First Amendment,  a plaintiff must present facts showing intentional,  unlawful adverse actions by named state actors against him. *Parratt v. Taylor,* 451 U.S. 119, 132 (1977)  Injunctive relief pursuant to

§1983 for retaliatory actions by non-parties is available only under very limited circumstances, none of which appear to be present in this case. *See Elliot v. Kiesewetter,* 98 F.3d 47 (3d Cir. 1996).

In his motion for interim relief, Branch stated that he submitted a grievance concerning defendants Griffith and Gavin and Officer Gowat, a non-party, for not allowing him to shower before attending church on two Saturdays in February in 2004. The motion states that defendant Friedman responded to Branch's grievance stating that he could shower at 8:00 a.m. but that Officer Gowat enforced a policy reflected in a posted sign which stated that prisoners could not shower until 8:30 a.m. The motion also states that Officer Gowat ordered Branch to sign up for the barber shop and allowed Branch only two days within which to obtain an exemption to the grooming directive or face a misconduct for failing to get a haircut. According to Branch, these actions were taken to retaliate against him for petitioning the court. Accepting these allegations as true, they do not state claim upon which relief under §1983 can be granted.

Branch has failed to present facts either in his motion or in documents which establish adverse action taken by any of the named defendants as punishment for his exercise of constitutionally protected activity. The motion refers to only three of the named defendants: Defendants Griffith, Gavin and Friedman. Friedman is

not alleged to have taken any adverse action. All that defendants Griffith and Gavin are said to have done is refused to allow Branch to take a shower on Saturday morning before church. Branch has not come close to demonstrating retaliation against him by a named defendant with this allegation.

The allegations that Officer Gowat enforced a policy regarding showering which was reflected on a posted notice and ordered him to sign up for the barbershop without more are not actionable because Gowat is not a party to this lawsuit. But even if he were, these allegations would not constitute retaliation because there is no nexus between Gowat's actions and Branch's exercise of constitutionally protected activity. In his declaration, Officer Gowat states that he acted without prompting by the named defendants and had no knowledge at the time that Branch had petitioned the court. *See* Gowat Declaration, ¶¶ 13-14.

Absent a demonstration that he will likely prevail on the merits, Branch's motion for a preliminary injunction could be denied on this ground alone.

There is No Showing of Irreparable Harm.

Should this Court conclude that Branch has satisfied his burden of showing that he will likely prevail on the merits of his claims, the Court should nevertheless deny his motion for interim relief because he has not demonstrated that he will suffer immediate irreparable harm if such relief is not granted.

As we have discussed, a party moving for preliminary injunctive relief must carry the burden of showing immediate, irreparable harm by the conduct complained of. *Oburn v. Shapp* 521 F.2d 142, 150 (3d Cir. 1975); *see also Sampson v. Murray*, 415 U.S. 61 (1974). The definitions of "immediate" most often applied in the context of motions for interim relief is "of or near the present time" and "close at hand". *See Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989). In general, to show irreparable harm a plaintiff must "demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.* 882 F.2d 797, 801 (3d Cir. 1989) The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against the claim of irreparable harm. *Sampson v. Murray*, 415 U.S. 61, 90 (1974)  A finding of no irreparable harm is itself sufficient to deny a motion for a preliminary injunction. *Commonwealth of Pennsylvania ex. Rel Creamer v. United States Department of Agriculture*, 469 F.2d 1387, 1388 (3d Cir. 1972)

Branch is not subject to being ordered to cut his hair or disciplined for failing to obey an order to cut his hair at or near the present time because he has already cut his hair in compliance with DC-ADM 807. *See* Friedman's Declaration,

¶ 14.

In any event, insofar as he is claiming interim relief for harm he claims flows from the application of DC-ADM 807, such harm is not irreparable. Compensable and punitive damages are available for emotional and mental distress shown to be caused by the denial of First Amendment rights. *Carey v. Piphus,* 435 U.S. 247 (1978).

Absent proof of immediate, irreparable harm by the defendants, Branch is not entitled to a preliminary injunction. His motion should be denied on this ground also.

## CONCLUSION

For the foregoing reasons, defendants ask the Court to deny Branch's

motion for a preliminary injunction.

                Respectfully submitted,

                GERALD J. PAPPERT
                Attorney General

By:    <u>S/ GWENDOLYN T. MOSLEY</u>
            GWENDOLYN T. MOSLEY
            Senior Deputy Attorney General

            SUSAN J. FORNEY
            Chief Deputy Attorney General
            Chief, Litigation Section

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **William Branch** | : | |
| **Plaintiff** | : | |
| | : | No. 1:CV 00-1728 |
| v. | : | |
| | : | |
| **CO Russian, et al.** | : | (Judge Conner) |
| **Defendants** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, **GWENDOLYN T. MOSLEY,** Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **March 1, 2004**, I caused to be served a true and correct copy of the foregoing **Defendants' Brief in Opposition to Plaintiff's Motion for a Preliminary Injunction** by depositing it in the United States mail, first-class postage prepaid to the following:

William Branch, #CF-3756
SCI-Waymart
P.O. Box 256
Waymart, PA  18472

/ GWENDOLYN T. MOSLEY
**GWENDOLYN T. MOSLEY**
**Senior Deputy Attorney General**