are based. The report will be used as evidence against the inmate during the misconduct or informal resolution hearing.[6]

2. The misconduct report shall be written by either the charging staff member or contract personnel who has personal knowledge of the rule violation or by a staff member at the direction of a person who has personal knowledge of the misconduct.

3. The misconduct report will be written and submitted to the Shift Commander or Officer-in-Charge as appropriate, before tour of duty concludes the same day/shift that the charging staff member or contract personnel have knowledge of the violation. If not, the report must include a justification for the delay.

4. Prior to service of the misconduct report on the inmate, the report shall be investigated as required, reviewed and approved by the Shift Commander. The Shift Commander, as an alternative to approving the misconduct, may refer the matter for informal resolution under Section D of this policy. The Shift Commander will also enter all pertinent information regarding the misconduct into the Department misconduct tracking system in accordance with Department policy **6.3.29, "Automated Misconduct Tracking System."**[7]

## B. Service of Misconduct Report

1. The inmate shall be personally served with the misconduct report the same day the report is written.[8] If the misconduct report is not served the same day the report is written, the Shift Commander or designee must determine why the report was not served and supply justification on the **DC-141 Part I.**

2. The misconduct report will be served by someone other than the charging staff member. At Community Corrections Centers, the charging staff member may serve the misconduct report.

3. The staff member who serves the misconduct report shall record the date and time of service on the misconduct report immediately prior to giving the inmate a copy of the misconduct report.

4. The **DC-141 Part II(A), "Inmate Request for Representation and Witnesses"** form and the **DC-141 Part II(C), "Hearing Supplement, Inmate Version, and Witness Statement"** form shall be delivered to the charged inmate with the misconduct report. The inmate must fill out the **DC-141 Part II (A)** and submit it to the block officer or Community Corrections Center staff member no later than 9:00 a.m. the next day. The block officer shall sign the **DC-141 Part II (A)**, give a copy to the inmate, and forward the form to the hearing examiner. The inmate should bring the **DC-141 Part II (C)** to the hearing.

---

[6] 3-4220, 3-4221, 3-ACRS-3C-05
[7] 3-4222, 3-ACRS-3C-06
[8] 3-4224, 3-ACRS-3C-07

## C. Pre-Hearing Confinement

Pre-hearing confinement is not to be routine but used only upon approval of the Shift Commander. The Shift Commander will assess the incident and make the determination for pre-hearing confinement. Within 72 hours of placement in pre-hearing confinement[9], the Superintendent/designee will review the placement of the inmate.

## D. Informal Resolution of Rule Violations

1. The rule violation charges eligible for informal resolution are:

    a. all Class I charges #'s 35 through 46; and

    b. all Class II charges.

2. The Shift Commander will review all eligible misconduct reports for informal resolution. The staff member issuing the DC-141 Part I may recommend informal resolution for eligible charges, but the decision shall be made by the Shift Commander, who will base his/her choice on the relative seriousness of the misconduct and the inmate's previous misconduct history. The Shift Commander must justify under the immediate action section of the DC-141 the reason why an eligible charge was not referred for informal resolution. All misconducts selected for informal resolution will be logged on the informal resolution log and forwarded to the Unit Management Team for disposition. Misconducts that are recommended for informal resolution are not to be entered into the automated misconduct tracking system. The DC-141's selected for a hearing will be forwarded to the Hearing Examiner after being logged into the automated misconduct tracking system.

3. The Unit Manager/designee, and at least one (1) other member of the Unit Management Team will meet with the inmate for disposition of the charges within seven (7) working days. The reporting staff member is encouraged, but not required, to attend the meeting. No assistance or witnesses are permitted at these meetings. The inmate will not submit a **DC-141 Part II(C)**, but will be permitted to give his/her version of the events at the meeting.

4. The Unit Manager may take one of the following actions and note the action taken on the **DC-141 Part II (B)**.

    a. no action;

    b. reprimand and warning;

    c. refer back to the Hearing Examiner for a formal misconduct hearing if additional information indicates the situation is more serious than the Shift Commander thought. In this case, the **DC-141** will be returned to the Shift Commander, logged into the automated misconduct tracking system, and forwarded to the

---

[9] 4-4223 3-ACRS-3C-07