IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **William Branch** | : | |
| **Plaintiff** | : | |
| | : | No. 1:CV 00-1728 |
| v. | : | |
| | : | |
| CO Russian, et al. | : | (Judge Conner) |
| **Defendants** | : | |
| | : | **ELECTRONICALLY FILED** |

### DEFENDANTS' BRIEF IN OPPOSITION
### TO PLAINTIFF'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF
### AND A RESTRAINING ORDER

Plaintiff William Branch has asked the Court for interim relief in the form of an immediate transfer to federal custody. In support of his request for relief, Branch claims that one Lieutenant Freethy threatened him with a misconduct to be written by someone else if he continued to exercise his right of access to the courts. Because the motion concerns conduct allegedly taken by non-parties, it should be denied.

The standards for reviewing a motion for preliminary injunctive relief are well-established: a district court must consider (1) the likelihood that the plaintiff will prevail on the merits at final hearing;(2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant will suffer irreparable harm if the preliminary injunction is issued;

and(4) the public interest. *Opticians Ass'n v. Independent Opticians,* 920 F.2d 187, 191-92 (3d Cir. 1990). A district court may not grant interim injunctive relief absent proof of the likelihood of success on the merits or irreparable harm by the denial of the relief sought. *McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ.,* 24 F.3d 519, 523 (1994)

Further, courts have no power to enjoin conduct about which there has been no complaint. *Hartford-Empire Co. v. United States,* 323 U.S. 386, 409-10 (1945) Moreover, courts have no power to bind a non-party by the terms of an injunction unless the non-party is found to be acting "in active concert or participation" with the party against whom injunctive relief would be appropriate. *Elliot v. Kiesewetter,* 98 F.3d 47(1996).

Branch has alleged in his motion for emergency relief that Lieutenant Freethy threatened him, "stating that if [he] continue[d] to access the courts[sic] Ms[sic] Dippels would rewrite the misconduct and the Hearing Examiner would give [him] more time." *See* Plaintiff's Motion for Emergency Injunctive Relief and a Restraining Order, p.1. However, Branch's complaint does not name or refer to either Lieutenant Freethy nor Ms. Dippel as a defendant and does not include any allegations of wrongdoing by them. The complaint contains no facts from which a reasonable person could conclude that the Lieutenant or Ms. Dippels

2

acted unlawfully or had knowledge of the unlawful acts of others. Nor does the complaint or the motion for interim relief contain facts which link them or their conduct to the actions of the individuals named in the complaint.

It appears that Branch is seeking emergency interim relief against individuals who have not been shown to have any relationship with the defendants for conduct that is wholly separate from the actions which form the basis of his complaint. Neither the rule governing injunctions nor relevant case law allows this. Branch's motion should be denied.

        **Respectfully submitted,**

        **D. MICHAEL FISHER**
        **Attorney General**

By:   **s/Gwendolyn T. Mosley**
        **GWENDOLYN T. MOSLEY**
        **Deputy Attorney General**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Litigation Section**
**Harrisburg, PA 17120**
**(717) 787-1180**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

**COUNSEL FOR DEFENDANTS**

**Dated: April 23, 2004**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **William Branch** : | |
|     **Plaintiff** : | |
| : | **No. 1:CV 00-1728** |
| **v.** : | |
| : | |
| **CO Russian, et al.** : | **(Judge Conner)** |
|     **Defendants** : | |
| : | **ELECTRONICALLY FILED** |

## CERTIFICATE OF SERVICE

I, **GWENDOLYN T. MOSLEY,** Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on **April 23, 2004**, I caused to be served a true and correct copy of the foregoing document **Defendants' Brief in Opposition to Plaintiff's Motion for Emergency Injunctive Relief and a Restraining Order,** by depositing it in the United States mail, first-class postage prepaid to the following:

**William Branch, CF-3756
SCI-Waymart
P.O. Box 256
Waymart, PA 18472**

                                         S/Gwendolyn T. Mosley
                                         **GWENDOLYN T. MOSLEY
                                         Senior Deputy Attorney General**