IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BRANCH, <br> PLAINTIFF <br><br> V. <br><br> C.O. RUSSIAN, ET AL. <br> DEFENDANTS | NUMBER: 1: CV 00-1728 <br><br> (JUDGE CONNER) |

Support Response of
PLAINTIFF'S RESPONSE TO DEFENDANT'S
BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR
EMERGENCY INJUNCTION RELIEF/RESTRAINING ORDER

----

IN A COVER LETTER DATED APRIL 23RD, AND RECEIVED ON APRIL 26TH OF 2004, THE OFFICE OF ATTORNEY GENERAL FOR THE COMMONWEALTH OF PENNSYLVANIA, THROUGH GWENDOLYN T. MOSLEY, SENIOR DEPUTY ATTORNEY GENERAL, ON BEHALF OF THE DEFENDANTS, ADVISED AND SERVED PLAINTIFF WITH ITS BRIEF IN OPPOSITION TO HIS REQUESTED RELIEF FOR EMERGENCY TRANSFER TO A FEDERAL FACILITY AND INJUNCTIVE RESTRAINING ORDER AGAINST RETALIATORY AND ABUSIVE ACTS BY SCI-WAYMART EMPLOYEES IN GENERAL, AND SPECIFICALLY AGAINST LIEUTENANT FREETHY.

THE MAIN POINT OF DEFENDANT'S ARGUMENT IS THAT PLAINTIFF'S MOTION SHOULD BE DISMISSED BECAUSE IT "CONCERNS CONDUCT ALLEGEDLY TAKEN BY NON-PARTIES[.]" FURTHER ARGUING THAT "COURTS HAVE NO POWER TO BIND A NON-PARTY BY TERMS OF AN INJUNCTION UNLESS THE NON-PARTY IS FOUND TO BE ACTING IN 'ACTIVE CONCERT OR PARTICIPATION' WITH THE PARTY AGAINST WHOM INJUNCTIVE RELIEF WOULD BE APPROPRIATE." ELLIOT V. KIESEWETTER, 98 F.3d 47 (1996).

CONTRARY TO THE BALD, UNSUPPORTED ALLEGATIONS OF THE DEPUTY ATTORNEY GENERAL, A CURSORY REVIEW OF THIS HONORABLE COURT'S RECORD WILL SHOW THAT LIEUTENANT FREETHY HAS BEEN NAMED AS A PARTY TO THIS COMPLAINT THROUGH VARIOUS SUPPLEMENTAL PLEADINGS AND MOTIONS SUCH AS THE ONE FILED ON, BUT NOT LIMITED TO IT, DECEMBER 24, 2002. HIS ABUSIVE AND RETALIATORY BEHAVIOR HAS BEEN DOCUMENTED FOR THIS COURT, AS WELL AS THROUGH GRIEVANCES AND COMPLAINTS MADE THROUGH AVENUES ESTABLISHED BY THE DEPARTMENT OF CORRECTIONS TO ADDRESS INAPPROPRIATE EMPLOYEE CONDUCT/BEHAVIOR AGAINST PRISONERS.

IF THESE VARIOUS COURT DOCUMENTS ESTABLISH LIEUTENANT FREETHY AS A PARTY TO PLAINTIFF'S COMPLAINT, THEY, ALONG WITH THE COMPLAINTS MADE THROUGH D.O.C. AVENUES, ESTABLISH A "LINK" BETWEEN HIM, HIS CONDUCT, AND HIS ACTIONS TO INDIVIDUALS NAMED IN PLAINTIFF'S COMPLAINT, THEREBY GRANTING THIS HONORABLE COURT JURISDICTION TO ISSUE REQUESTED RELIEF. A REVIEW OF PAST COURT RECORDS AND LIEUTENANT FREETHY'S ABUSE, HARRASSMENT AND RETALIATORY ACTS AGAINST PLAINTIFF ESTABLISHES HIS BLATANT EFFORTS TO DISCOURAGE, FRUSTRATE, AND DENY PLAINTIFF'S ACCESS TO THE COURTS. AND, EVEN IF THIS HONORABLE COURT DECIDES HE IS NOT FORMALLY A PARTY TO THE INSTANT COMPLAINT, HIS PAST, PRESENT, AND FUTURE RETALIATORY CONDUCT AGAINST THE PLAINTIFF INTRINSICALLY LINKS HIM TO THE DEFENDANTS.

FURTHERMORE, MORE IMPORTANT TO THE GRANTING OR DENYING OF THE REQUESTED INJUNCTIVE RELIEF AND RESTRAINING ORDER IS THE IRREPARABLE HARM PLAINTIFF WILL SUFFER. IF, AS DEFENDANTS DESIRE, THIS MOTION IS DENIED THEY WILL HAVE FREE REIGN TO CONTINUE THEIR TERRORISTIC AND DILATORY TACTICS AGAINST PLAINTIFF IN HOPES OF DEFEATING HIS CIVIL COMPLAINT WHICH WOULD RESULT IN A GRAVE MISCARRIAGE OF JUSTICE, AND LEAVING PLAINTIFF LESS THAN WHOLE.

MR. BRANCH HAS BEEN CONTINUALLY VICTIMIZED BY EMPLOYEES AT THIS PRISON. HE HAS BEEN THREATENED WITH PHYSICAL HARM AND SUBJECTED TO MENTAL HARM. HIS MEDICATIONS AND DIETS HAVE BEEN TAMPERED WITH, AND HE HAS BEEN WRITTEN UP AND FALSELY PLACED IN THE RESTRICTIVE HOUSING UNIT (RHU) FOR SPEAKING OUT AGAINST ABUSES OF POWER AND INJUSTICES THAT WERE INFLICTED AGAINST HIM; AS WELL AS LOSING VARIOUS JOBS, SHUFFLED FROM HOUSING UNIT TO HOUSING UNIT, AND NUMEROUS SEARCHES BY VARIOUS MEMBERS OF STAFF AS PART AS A CONCERTED EFFORT TO INCONVENIENCE, HARRASS, AND INTIMIDATE PLAINTIFF IN HOPES OF FORCING HIM TO WITHDRAW LEGAL AND ADMINISTRATIVE GRIEVANCES AGAINST D.O.C. EMPLOYEES.

PLAINTIFF FINDS SELF IN A UNIQUE SITUATION IN WHICH HE IS FORCED TO BE ACCESSIBLE TO DEFENDANTS, THEIR FAMILY MEMBERS, FRIENDS, AND CLOSE CO WORKERS 24 HOURS A DAY. SCI-WAYMART IS AN ISOLATED PRISON HOURS AWAY FROM OTHER STATE PRISONS, AND ONE OF THE MAJOR EMPLOYERS IN THIS AREA INSURING THAT MOST STAFF MEMBERS HAVE A CLOSE KNIT RELATIONSHIP THAT EXTENDS OUTSIDE THE PHYSICAL CONFINES OF THE PRISON. THIS ISOLATION ENCOURAGES FAMILIARITY AMONG EMPLOYEES AND PROMOTES ABUSES, WHICH GO UNCHECKED, AGAINST PRISONERS. THEREFORE, PLAINTIFF BRANCH REQUEST THIS EMERGENCY TRANSFER TO PROTECT HIMSELF AGAINST THESE CONTINUED VICTIMIZATION, WHICH HAVE PROGRESSIVELY GROWN IN FREQUENCY AND SEVERITY, CAUSING PLAINTIFF TO BE CONCERNED FOR HIS PHYSICAL WELL-BEING AND FEARFUL FOR HIS LIFE. HISTORY OF REPORTED INCIDENTS HAVE SHOWN THE POTENTIAL DANGER IS REAL AND NOT IMAGINED.

THE POTENTIAL LOSS THAT PLAINTIFF FACES, WHICH COULD BE BUT IS NOT LIMITED TO MISCONDUCTS, PLACEMENT IN THE RHU, LOSS OF EMPLOYMENT, MENTAL AND PHYSICAL HARRASSMENT, AS IN THE PAST, WILL CAUSE IRREPARABLE HARM. AND THE RESULTING STRESS, WHICH IS IMPOSSIBLE TO PREDICT, COULD LEAD TO MENTAL AND PHYSICAL DAMAGE TO PLAINTIFF, POSSIBLY FORCING PLAINTIFF TO SUCCUMB TO THE PRESSURE TO WITHDRAW HIS LEGAL COMPLAINTS IN THIS HONORABLE COURT. AND, AS THE COURT DATE DRAWS CLOSER THE INTENSITY OF THE HARRASSMENT WORSENS, CREATING A FEARFUL AND UNSAFE ENVIRONMENT.

DEFENDANTS HAVE, AND CONTINUE TO DENY HARRASSMENT AGAINST PLAINTIFF. GRIEVANCES AND COMPLAINTS ARE IGNORED OR DISMISSED BY SOME OF THE "NON-PARTIES" WHO HAVE PERPETRATED HARRASSMENT AND ABUSE — THOSE WHO ARE TASKED WITH INVESTIGATING THE ALLEGATIONS AT THE PRISON LEVEL ARE UNABLE TO BE FAIR AND IMPARTIAL, WHILE THEMSELVES INSTIGATING RETALIATORY CONDUCT. THIS SITUATION IS DANGEROUSLY AND POTENTIALLY EXPLOSIVE FOR PLAINTIFF, AND THE LONGER HE REMAINS IN IT, THE MORE SUSEPTIBLE HE BECOMES TO EMINENT AND IRREVERSABLE PERSONAL INJURY.

ALTHOUGH D.O.C. AND S.C.I.-WAYMART OFFICIALS HAVE DENIED ANY RETALIATORY AND ABUSIVE CONDUCT, IT IS A WELL ESTABLISHED FACT THAT PRISONERS LIKE THE PLAINTIFF, WHO SPEAK OUT AGAINST PRISON CONDITIONS THROUGH CIVIL LAW SUITS OR THE ADMINISTRATIVE PRISON GRIEVANCE SYSTEM ARE OFTEN VICTIMS OF ABUSE AND HARRASSMENT. SEE ABU-JAMAL V. PRICE, 154 F.3d 128 (3d CIR. 1998) AND CASTLE V. CLYMER, 15 F.SUPP.2d 640 (E.D.PA 1998). OTHER FEDERAL JURISDICTIONS HAVE FOUND RETALIATORY CONDUCT RESULTING IN CONSTITUTIONAL VIOLATIONS AGAINST PRISONERS WHO "SPEAK OUT", SUGGESTING THAT RETALIATORY CONDUCT IS A FAR GREATER PROBLEM THAN PRISON OFFICIALS CONCEDE. SEE TROBAUGH V. HALL, 176 F.3d 1087 (8TH CIR. 1989); GOFF V. BURTON, 91 F.3d 118 (8TH CIR. 1996); GASTON V. COUGHLIN, 81 F.SUPP.2d 381 (N.D.NY 1999); AND GOMEZ V. VERNON, 255 F.3d 1118 (9TH CIR ALL OF WHICH DETERMINED THAT PRISONERS WHO WERE DENIED CONSTITUTIONAL PRIVELEGES THROUGH RETALIATORY CONDUCT BY PRISON STAFF.

PLAINTIFF BRANCH, THROUGH NUMEROUS PREVIOUS PLEADINGS THROUGH THIS HONORABLE COURT HAS ESTABLISHED LIEUTENANT FREETHY AS A PARTY TO THE INSTANT COMPLAINT. OR, IN THE ALTERNATIVE, THROUGH GRIEVANCES FILED IN RESPONSE TO HIS RETALIATORY CONDUCT, PLAINTIFF HAS ESTABLISHED THAT LIEUTENANT FREETHY'S CONDUCT INTRINSICALLY LINKS HIM TO DEFENDANTS, GIVING THIS HONORABLE COURT THE JURISDICTION TO ISSUE REQUESTED RELIEF.

CITING OPTICIANS ASSOCIATION V. INDEPENDENT OPTICIANS, 920 F.2d 187, 191-192 (3d CIR. 1990), THE SENIOR DEPUTY ATTORNEY GENERAL STATES THE FOUR PRONG STANDARD FOR REVIEWING A MOTION FOR PRELIMINARY INJUNCTIVE RELIEF AS "(1) THE LIKELIHOOD THAT PLAINTIFF WILL PREVAIL ON THE MERITS AT FINAL HEARING; (2) THE EXTENT TO WHICH THE PLAINTIFF IS IRREPARABLY HARMED BY THE CONDUCT COMPLAINED OF; (3) THE EXTENT TO WHICH THE DEFENDANT WILL SUFFER IRREPARABLE HARM IF THE PRELIMINARY INJUNCTION IS ISSUED; AND (4) THE PUBLIC INTEREST." SEE DEFENDANT'S BRIEF PAGE 1-2.

BASED ON THESE STANDARDS PLAINTIFF AVERS THIS HONORABLE COURT SHOULD GRANT HIS MOTION FOR EMERGENCY RELIEF AND RESTRAINING ORDER. (1) HE HAS SURVIVED EVERY DILATORY TACTIC AND MOTION BY THE COMMONWEALTH, WHOM HAS SUPERIOR RESOURCES, MANPOWER, AND FINANCIAL ASSETS AND IS DOCKETED FOR A HEARING IN AUGUST 2004. THIS FACT ALONE DEMONSTRATES THE MERITS AND LIKELIHOOD HE WILL PREVAIL. ALSO HIS ACCUMULATED COMPILATION OF EVIDENCE OF RETALIATORY CONDUCT, HARRASSMENT, AND STATEMENTS IN SUPPORT OF HIS CLAIMS INCREASES HIS CHANCES TO PREVAIL IN THE UPCOMING, FINAL HEARING. (2) IF DEFENDANTS ARE ALLOWED TO CONTINUE THEIR ABUSE, INTIMIDATION, AND HARRASSMENT IT COULD DAMAGE PLAINTIFF'S CHANCES OF MAKING IT TO THAT HEARING OR RESULT IN SERIOUS PHYSICAL AND/OR MENTAL IRREPABLE HARM TO PLAINTIFF'S PERSON.

FURTHERMORE, (3) THE DEFENDANT'S WILL SUFFER ABSOLUTELY NO HARM IF PLAINTIFF IS TRANSFERRED TO A FEDERAL FACILITY FOR HIS SAFETY, AND/OR DEFENDANTS ARE ORDERED TO STOP THEIR RETALIATORY CONDUCT, VIOLATING PLAINTIFF'S CONSTITUTIONALLY PROTECTED RIGHTS. AS IT STANDS, PLAINTIFF IS A MINIMUM SECURITY LEVEL, NON-PROBLEMATIC PRISONER, WHO POSES NO DANGER TO HIMSELF, OTHERS, OR PRISON AUTHORITIES. NOR IS HE A SECURITY RISK. AND (4) THE PUBLIC HAS A GREAT INTEREST INVESTED IN THE FAIR TREATMENT AND PROTECTION OF CONSTITUTIONAL PRIVILEGES FOR ALL ITS CITIZENS, EVEN THOSE HOUSED IN PRISONS.

WHEREFORE, FOR THE REASONS ENUMERATED WITHIN, PLAINTIFF, WILLIAM R. BRANCH'S MOTION FOR EMERGENCY INJUNCTIVE RELIEF AND A RESTRAINING ORDER AGAINST PERSONS AT SCI-WAYMART SHOULD BE GRANTED.

Proof of Service

S.D.A.G. Ms Mosley esq. 15th Fl Strawberry Sq. Harrisburg Pa 17120

Unsworn Declaration

I affirm under Penalty of the law that the above is True

RESPECTFULLY SUBMITTED,

Date 5-5-04                    By: s/ William Branch
                                   WILLIAM R. BRANCH, CF-3756
                                   PLAINTIFF, PRO-SE
                                   SCI-WAYMART P.O. BOX 256
                                   WAYMART PA 18472-0256

                                   DATED: MAY 04, 2004

—FOUR—

Wm. Branch CF3756
Po Box 256
Waymart Pa 18472

Legal Mail

J. Conner
Po Box 983
Harrisburg Pa. 17108

