## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM BRANCH                 :

                           :

        Plaintiff       :  No. 1:00-CV-1728

                           :

        v.              :  (Judge Conner)

                           :

RUSSIAN, et al.,         :

                           :

        Defendants    :  ELECTRONICALLY FILED

## DEFENDANTS' BRIEF IN OPPOSITION
## TO PLAINTIFF'S MOTION TO COMPEL OR FOR SANCTIONS

Plaintiff William Branch has filed a motion entitled "Motion to the Court to grant a Motion to Order Defendants to Discovery and Find Them in Contempt" which the Court construed as a motion to compel or for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. In his motion, Branch states that the defendants failed to respond to his interrogatories as directed by this Court and so are in violation of the Court's order. Branch has asked the Court to enter a default judgment against the defendants and order the defendants to pay him $10,000.00 as sanctions for their failure. Because plaintiff did not conduct the only discovery

which the Court authorized, defendants did not violate the discovery rules and are not in violation of any order of this Court. Defendants should not therefore be sanctioned.

On December 31, 2003, defendants moved for summary judgment on all the claims in plaintiff's complaint. Branch did not respond to defendants' motion but instead filed a variety of other documents, including a motion to compel. The Court construed Branch's motion as a motion requesting additional time to conduct discovery for the purpose of opposing defendants' summary judgment motion and by order dated February 19, 2003, granted Branch's request. The February 19, 2003 order directed Branch to complete the discovery he needed to respond to defendant's motion for summary judgment by March 19, 2004. The order further directed Branch to "conduct discovery in accordance with the federal Rules of Civil Procedure and[ ] apply for an order of court to compel discovery only if the defendants fail or refuse to comply with a *proper* discovery request. *See* order dated February 19, 2004. The February 19, 2004 order did not direct the defendants to do anything with respect to Branch's discovery.

On March 8, 2004, counsel for the defendants received Branch's letter in which he asked her to respond to discovery he claims he sent to the Department of Corrections. Because a copy of the discovery was not included with Branch's letter and there was no description in the letter which would enable her to

determine the subject matter of the discovery, counsel asked Branch to send the interrogatories directly to her.  On March 22, 2004, counsel for the defendants' received Branch's "Request for Interrogatories Set #1 which included 10 numbered interrogatories.  However, none of Branch's interrogatories has any relevance or applicability to the arguments presented in defendants' summary judgment motion and most of them have no relevance to any of the claims in Branch's complaint.  Counsel for the defendants therefore did not respond to what was perceived as an attempt by Branch to circumvent the Court's February 19, 2004 grant of additional time for the conduct of discovery necessary to respond to defendants' summary judgment motion.  This latest motion to compel or for sanctions followed.

To be sure, the discovery rules "are to be accorded a broad and liberal treatment," *Hickman v. Taylor,* 329 U.S. 495, 507-508 (1947), and discovery should be allowed if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.  *See* Fed.R.Civ.P. 26(b)(1); *Oppenheimer Fund Inc. v. Sanders,* 437 U.S. 340(1978)

Rule 37 provides various sanctions against parties who fail to make discovery.  *See*  Fed. R.Civ. P. 37. When a party has failed to comply with a court order compelling an answer to a particular interrogatory, Rule 37(b)(2)(C) empowers a court to dismiss an action brought by the disobedient party.  *See*

Fed.R.Civ.P. 37(b)(2)(C). Rule 37 authorizes a court to order the party failing to

obey the order or the attorney advising that party both to pay the reasonable

expenses, including attorney's fees, caused by the failure, unless the court finds

that the failure was substantially justified or that other circumstances make an

award of expenses unjust. *See* Fed R.Civ. P. 37(b)(2); Sub-section (d) of Rule 37

empowers a court to take any action authorized by Rule 37(b)(2)(C) if a party fails

to serve answers or objections to interrogatories submitted under Rule 33. *See*

Fed.R.Civ.P. 37(d)(2)

Thus, Rule 37 gives courts broad discretion to fashion appropriate sanctions

for violation of the discovery rules. However, this discretion is guided by judicial

interpretation of the rule. For example, a default judgment sanction requires a

willful or bad faith failure to obey a discovery order. *Societe Internationale pour*

*Participations Industrielles et Commerciales v. Rogers,* 357 U.S. 197, 212 (1958)

Violation of a discovery order caused by simple negligence, misunderstanding, or

inability to comply will not justify a Rule 37 default judgment or dismissal. *See*

*e.g. In re Chase and Sanborn Corp.,* 872 F.2d 397, 400 (11th Cir. 1989) (inability

to comply) In addition, the Supreme Court has interpreted the Rule 37 requirement

of "a just" sanction to represent "general due process restrictions on the court's

discretion." *Insurance Corp. of Ireland, Ltd., v. Campagnie des Bauxites de*

*Guinee,* 456 U.S. 694, 707(1982)

4

The severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders or discovery rules. *Navarro v. Cohan,* 856 F.2d 141, 1142 (11th Cir. 1988).

To determine the propriety of a particular application of a Rule 37 sanction, Courts are encouraged to examine the nature of a dispute that led to the Rule 37 disposition. *Dunbar v. United States,* 502 F.2d at 509. If the information sought is not properly discoverable, then Rule 37 sanctions should not be imposed. *Id.*

As we have said, the instant dispute is not one involving the failure of the party to whom discovery was directed to comply with a court order. The court did not direct the defendants or their counsel to respond to any discovery. Rather, this dispute involves the failure of the defendants to answer interrogatories which seek information that is neither relevant to the issues presented in their summary judgment motion nor necessary to enable Branch to respond to that motion.

The Court's February 19, 2004 order granting Branch leave to conduct "additional discovery" was not a general grant of permission to Branch to conduct wide-ranging discovery into any matters that he might wish to pursue in connection with his lawsuit. The text of the order is quite narrow: "The motion (Doc. 139) will be construed as a motion to permit plaintiff to conduct additional

discovery for purposes of opposing the motion for summary judgment and is

GRANTED as so construed." However, the interrogatories that Branch served

upon counsel for the defendants do not fit that description. *See* Plaintiff's

Requests for Interrogatories Set #1, attached as Exhibit A. Interrogatory

Numbers 1, 2 and 3 seek information about the race of sex offenders. Interrogatory

Number 4 requests information about the denial of parole to other prisoners.

Interrogatory seeks information concerning the defendants' participation in drug or

alcoholic programs. Interrogatory Numbers 6, 7, and 8 seek information

concerning the grievances filed by other prisoners against defendants and the

nature of any punishment they received as a consequence of those grievances or

reports of misconduct. Four unnumbered interrogatories seek information

concerning the salary and overtime pay received by the defendants. Another

unnumbered interrogatory requests information related to the parole of another

prisoner named Mickens-Thomas and his involvement in a sex offender program.

A final unnumbered interrogatory seeks information from a "tablet" which is in the

possession of an officer named Green who was not named as a defendant in this

lawsuit. Interrogatory number 8 requests information concerning charges filed

against Branch by the Pennsylvania State Police. Interrogatory Number 10

requests racial data concerning people in Philadelphia who were arrested for sexual

offenses.

None of these interrogatories have anything at all to do with Branch's claims that he was unlawfully dismissed from his prison job; subjected to retaliatory cell searches; denied access to legal materials; denied proper medical attention; assigned to an incompatible cell-mate; and subjected to interference with the practice of his religion. In addition, none of the information sought in these interrogatories is needed to respond to defendants' summary judgment motion. Most important, Branch has not, nor can he, demonstrate that the requested information has any bearing on defendants' summary judgment motion or will lead to the discovery of information needed to respond to that motion.

While it is certainly true that the better course for counsel for the defendants upon receiving Branch's interrogatories would have been to respond by interposing an objection to each and every one of them, her failure to respond to his "improper" interrogatories cannot support his request for sanctions. The Court allowed Branch more time to obtain through discovery  soley the information he claimed he needed to respond to defendants' motion for summary judgment. It was Branch, and not the defendants, who did not comply with the Court's order when he served interrogatories seeking information which is not relevant to defendants' motion or needed to respond to that motion.

Because he failed to show that defendants violated the Court's February 19,

2004 order or otherwise violated the rules of discovery, Branch's motion to compel

or for sanctions should be denied.

Respectfully submitted,

**GERALD PAPPERT**
**Attorney General**


**By:** **/s/ Gwendolyn T. Mosley**
**GWENDOLYN T. MOSLEY**
**Senior Deputy Attorney General**
**Attorney I.D. No. 29157**

**Office of Attorney General**             **SUSAN J. FORNEY**
**15th Floor, Strawberry Square**   **Chief Deputy Attorney General**
**Litigation Section**                     **Chief, Litigation Section**
**Harrisburg, PA 17120**
**(717) 787-1180**                         **Counsel for Defendants**

**Dated: May 20, 2004**

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM BRANCH                              :
                                            :
            Plaintiff      :   No. 1:00-CV-1728
                                            :
      v.                   :   (Judge Conner)
                                            :
RUSSIAN, et al.,                            :
                                            :
            Defendants     :   ELECTRONICALLY FILED

### CERTIFICATE OF SERVICE

I, Gwendolyn T. Mosley, Senior Deputy Attorney General for the

Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that

on May 20, 2004, I caused to be served a true and correct copy of the foregoing

document titled Defendants' Brief in Opposition to Plaintiff's Motion to Compel or

for Sanctions by depositing it in the United States Mail, first-class postage prepaid

to the following:

William Branch, CF 3756
SCI-Waymart
P.O. Box 256
Waymart, PA 18472


                                    /s/ Gwendolyn T. Mosley
                                    **Gwendolyn T. Mosley**
                                    **Senior Deputy Attorney General**