FILED
HARRISBURG, PA

JUN 01 2004

MARY E. D'ANDREA, CLERK
Per RJN

United States District Court
for The Middle District of Pennsylvania

Wm Branch
  Plaintiff

vs.

Mr Russian et. al;
  Defendants

Civil Action No. 1:00 CV-1728
(Judge Conner)

Response to Defendant Brief in
opposition to Plaintiff motion to Compel Discovery
and Sanctions and Default

If it please's this most excellent court Here comes this most ignoble inmate william branch CF-3756 asking your excellance to Grant my motion to impose Sanctions and Default along with compelling these Defendants to answer my Requested Discovery.

It is clear that Ms Mosley esq. tried to say She did not hear from me in a timely manor, ~~to enter any o~~ this was shown by affidavit to the courts to be a lye, and that I not only sent her one Discovery Packet but I sent her Two and Two Letters. If she wanted to object this should have been done before the Date Passed for discovery to be complete. Now after she quibble's about the meaning of your order for Discovery stating "Branch Did not conduct the only Discovery which the Court ordered, defendants did not violate the Discovery Rules and are not in violation of any Court order."

I mean Ms Mosley esq ~~must think~~ heads screw on and off becouse She comes back with how narrowly the order is to be viewed Pg. 5 "the text of the order is quite narrow".

Page ②

their was and order given did it include the defendants as I could not complete discovery unless they cooperated! again Ms. Mosley esq. is caught not being completely forthright with regard to your order for discovery.

Now the issue of ~~Relevantc~~ Relevance, my over all complaint is conspiracy by the staff to retaliate against me for exercising my constitutional Rights; in order to show a causual Link; Retaliatory cell searches, other inmates have written Grievance on these staff member for the samethings I am complaining about this will show a Practice, it will also show how the staff Responded properly or subvertly. (Summary Judgement must be denied if a material issue exit) First amend. Protection Provide that access to court may not be hindred and it must be free of fear of Retaliation. I have shown that Ms Surace wrote a misconduct #295145 and 990495 becouse I took time off from work to prepare a Response to court; I have show this in Exhibit 4A-12 w/ clerk of court the issue of wage's, does the staff pay staff members off with over time and does it use overtime as a incentive to enter into Conspiracy with those being sued (the hook up)

Material issue: P.A. Heffenal Stated by Request slip to me that he did not change my calorie snack bag, yet the staff used a change order with his name on it this is the falsification of and official Document use to conduct daily Business also Exhibits w/ the clerk of courts

Page ③

This action also demonstrates a conspiracy by the medical Dept and other staff members to increase my punishment as I was in the RHU and the meals were Reduced so I would be Hungry.

The Green Tablets are note's that the Block c/o's Leave each other it is a Business Record it will show if they/staff Talked about doing illegal act's against me and it will link them in Retaliation, the defense has already admitted to material issue's and stated that I can not Link these People.

Parole issues  If I can show that the stated Reason on my Parole sheets are not founded in truth, then they must be done in Retaliation for me accessing the Courts, History: I open my first §1983 complaint in 1995 this started the Retaliation MS Surace in 1997 all the unit team of M-2 allow me to Lose my Job because I took time off to prepare for a Court Date in fabricatoria 1: CV-95-0751 [(to which I am entitle to all the Pay I would have earned from 1997 to Dec. 8th 2003 when I was Rehired.) Plus Bonuses]  Shehee vs. City of Wilmington 205 F Supp 2d 269 (D. Del 2002)

[15] Civil Rights Key 242 (3), 261  If a public employee establishes that exercise of his first amend. Rights played some Substantial Role in adverse Employment decision, he is entitled to extent practiable to be put in same Position that he would have been in had he not engaged in that Protected Conduct ... the Court went on to state ..."furthermore, even if Plaintiff could establish a PRima facia case of Retaliation, the Record Reflects that the Harassment of Plaintiff would have continued Even in the absence of PRotected speech



J. Conner
Po Box 983
Harrisburg Pa 17108

17108+0383 11

Name & No. CE3756 Branch
P.O. Box 256
Waymart, PA 18472-0256

INMATE MAIL
PA DEPARTMENT OF CORRECTIONS