United States Dist Court
For the Middle Dist of Pennsylvania

courtcopy ORIGINAL

FILED
HARRISBURG, PA
JUN 07 2004
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

Wm Branch, Plaintiff
vs.
Mr Russian, Defendant

Civil Action No. 1:00 CV-1728
(Judge Conner)

## Second Brief to Deny Summary Judgement

If it Please's the Court ignoble inmate <u>Wm Branch</u> CF-3756 asks this noble tribunel to Deny Summary Judgement per <u>Rule 56 f</u>, the Defendants have not Participated in in discovery as ordered (Doc. 139), I also want to Remind the Court that <u>Rule 26.</u> Fed Rules of Civil Procedure (b)(1) were to be conducted without the court order to compel.

As Discovery has not been complete the court cannot Grant Summary Judgement.

I ask this tribune to find Defendants Default and In Comtempt, and to compel them to Discovery.

I also wish to state that Summary Judgement can not be grant if a Material issue exist: (1) was I dismissed from my Job in the Garment Plant, because I asked and was given time off to attend the Law Library to prepare for court <u>SEE Exhibit</u>   Ms Surace and the fact Ms Surace called the Block Layed me in then acted Like I had take off work w/leave to attend Law Library and the staff those I had spoken with allowed me to be fired.

Page ①

Page ② <u>Retaliatory cell searches</u> By C/O Russian and <u>Retaliatory misconduct</u> alleging I threaten him. Both of these acts came after I Reported C/O Russion for ~~Violatining~~ Violating D.O.C. Policy a Liberty interest Per ~~Hewitt Vs. Helms~~ 459 Vs. 460, 103 S.ct 864, 74 Led 675 (1983) <u>stating</u>: "The Penna. Statutory frame work governing the administration of State Prisoner's gave Rise to a Liberty interest continuing to Reside in general population I.d 466, 103 S.ct at 868.

§ 1983 <u>Provides</u>: Every Person who unde color of any Regulation... of State... Subjects, or Causes to be Subjected, any citizen of the United States... to ~~de~~ the deprivation of any Rights, Privileges or immunities Secured by the Constitution and Laws, shall be liable to the Party injured in an ~~action~~ action at Law, Suit in Equity or any other Proper proceeding of Redress.

As C/O Russian had been Reported for Violating d.o.c. Policy see Exhibit <u>AA-6</u> Submitted to the Courts Request Slip To staff Dated <u>7-15-00</u> after I had spoken to Capt. Griffin, and before I wrote a Grievance Dated <u>7-20-00</u> which was never answered, by me. This Exhibit is misconduct Package <u>No A151773</u>

<u>Material issue</u>: Did C/O Russian Violate my First amend Right to Petition the Court for Redress, by Reporting him to his ~~Supior~~ Superior's For Violating D.O.C Policy #203 Security Safety inspection does's not ~~involve~~ involve disturbing inmate's clothes or Personal Property, and did his Retaliation before the misconduct and w/ misconduct violate my First amend. Right to Report him, my Freedom of speech and my access to Court

Page ③  <u>Material issue</u>: denied access to my legal material while in the RHU and my conviction was under appeal during this time and motions were denied and appeal was latter denied.

<u>Material issue</u>: Being placed in cell with smokers and second hand smoke does this violate my 8th amend Rights Being housed with a man w/ a steel plate in is head who is unstable, being housed w/ a inmate who has sex problems and given a chance would use me like a woman who latter was put in the Hole for showing his penis to a female c/o. being housed on a top bunk when I had bottom bunk status, I went to the RHU from a none smoking block the prison knew I did not smoke, material issue were all these things done to retaliate against me for exercising my Const. Rights, and based upon all these issue and more

<u>Smith vs. Smith</u>   578 F. Sup 1373 (1984) (ED Pa.)
[2] <u>Civil Rights Key</u> 13.12(2)  inmate allegation of retaliation for prior lawsuits would state claim of deprivation of access to courts USCA Const amends 1, 5, 14; USCA § 1983 <u>Explained</u> under <u>Milhouse vs. Carlson</u> 652 F2d 371 (3rd cir. 1981)

   allegations of retaliation would state a claim of deprivation of access to courts "the right of access to the courts must be adequate effective, and meaningful; ... and must be without hindrance or fear of retaliation" id at 374 (citation omitted) because Plaintiff submission raise the issue of retaliation and actual deprivation of access to courts, I will ~~for~~ deny defendants motion for summary judgement on this basis.

   I open a Parole § 1983 against Mr. Friedman in 1999 for violating my Const. Right's in denying me Parole for not admitting guilt ~~~~

Page (4) <u>material issue</u>: Guilt, and most Recently the third Cir. Appeals Court has stated that "Ex post facto" and the Requirement of the admission of Guilt Violated the Const. Rights of Micken-Thomas No. 00-3171

Because I sued Mr Friedman and others the staff conspiried to Retaliate against me and to punish me, by subjecting me to Planned series of disciplinary actions, while in the RHU turning up the air conditioning knowing I have arthritis and placeing me under a ceiling fan and Refusing to turn them down when the temperture is below 63° and most Recently having the fans Run 24 hrs full speed only to find out that one of the C/o's fix the switch so no one could turn them down, they had two position's off or high.

<u>Beswick vs. City of Phila</u> 185 F supp 2d 418

Federal civil Procedure 2491.5

In order for a § 1983 claim to survive a motion for Summary Judgement Evidence must Demonstrate (1) that a violation of a Right secured by the Constitution and Laws of the united states occurred and (2) that the alleged deprivation was committed by a person acting under color of state Law 42 USCA § 1983 -

Ms Surace acting under color of state law did write a misconduct on me because I attended law library the staff did Sanction me by taking my Job, the timing and the Reason Given clearly state Mr Branch takes off from work, is a ongoing problem, she used my going to the law library as evidence to take my Job which is a violation of my First amend. Right. Therefore Summary Judgement should be denied

Page ⑤   <u>material issue</u>: C/o Russian

C/o Russian was aware that I had reported him and he first retaliated by Ransacking my personal property, which DOC Policy clearly outlines in Policy Exhibit #203 safety and security searches and which W-1 Mr Kevin Fareed will atest to (enclosed please find next page a notorised <ins>Blow</ins> statement to this fact) I have a first amend right to Report misconducts by staff, and not be retaliated against for so doing, I wrote a Request to Supt. Colleran about this because C/o Russian and Mr friedman ordered a cell search of my property on <u>7-14-00</u>

See: Exhibit <u>AA-6</u>  Posted with the court Request to Staff 2pg. in Misconduct #A151773 I also wrote a grievance also in this Package Dated 7-20-00 never answered then C/o Russian wrote a misconduct alleging I threaten him and Raised my hand to hit him, this was done to Retaliate against me for Reporting him and because I was going to access the courts, he also conspiried with Mr friedman to Put me in the RHU.

this is a violation of my first amend Rights freedom of speech, access to courts, petition the Government for Redress, and Retaliation for so doing, and conspiracy to do the above.

these act were done by Mr friedman and C/o Russian acting under color of the law to conspire to punish me and a planned series of disciplonary actions as Retaliation for initiating a civil Rights suit against prison officials thereby infringing prisoners first amend. Rights of access to the courts USCA- Const Amend 1-

<u>Material Issue</u> the other defendants are conspirators as well Ms Wilbur droping me from her class because I asked to be excused to attend Choir Practice, stating the D.O.C does not view Choir Practice as a mandatory Part of Church; this violates the first amend. Freedom to exercise of Religion. Under this Right Congress has Stated that 42§ 2000 cc 5 (7)(A) the term exercise of Religion means that: whether or not a belief is compelled by the church, a tenet central to a system of belief.

The D.O.C violated my Right to practice my beliefs I believe that Choir Practice and Singing on the Choir is Part of my obedance to God as well as my being under a Nazarite Vow, the D.O.C. has to change it's Policy with Regaurd to my beliefs and their Hair accommodation D.O.C. Policy 819 Pg. 8 G. 2. b. and Policy 807 inmate Grooming Policy, in 819 Doc Policy the Prison Require a inmate show proof he was Practicing a Belief of the Nazarite or other faith that Requires you to Refraime from cutting, this violates the Supreme Courts Ruling and the expressed Diffinition at 42§ 2000 cc 5 (7)(A) A Belief does not have to be shared by any other member of that church inorder for it to be protected, nor does it have to be a tenet central to a system of Belief.

This is a material issue to my first amend Rights, and therefore Summary Judgement should not be granted, because these State Employee have violated my Protected Freedom of Religion Rights, First amend and they are ~~acting~~ acting under Color of the Law per: Beswick vs city of Phila 135 F.supp 2d 418 Federal civil Procedure 2491.5    42§ USCA 1983

Page (7)   **Material issue.** this also brings a Equal Protection violation on point. in that a inmate joining the Circle a native american faith, is given 6 months to show his sensertity and after this time if he has attended the services he is granted a hair exemption!

None of this was offered to me, the staff ordered me to cut my hair not one time but two times without granting me a hair exemption, also pastor gagas never sent my request out of the prison he made the decision, and this violates my rights to due process under the Doc Policy 819 Pg 8 C. thru F. this was not done

**Material issue:** the records demonstrates that misconducts were written near the time I was coming up for parole by staff. I have alleged this was done as a conspiratorially planned series of disciplinary actions as Retaliation for initating a civil rights suit against prison officals and reporting staff for misconducts thereby infringing prisoner's first amendment right of access to the courts USCA. Const Amend 1.

This also shows the need for the parole statistics to respond to defendants motion for summary judgements

if it pleases this most noble tribunel I pray that the defendants motion for summary judgement will be denied.

There are material issues that exist in the pleadings and based upon the entire pleading a trier of the facts could reasonable conclude that the defendants did conspire to violate my Const. rights of the first amends and the 14 amend and the eight amends and the 5th amend.

Page 8

**Material issues:** Racial Profiling, Exist and as I am Black any all acts are Racial

Respectfully. The the soldier in Iraque, Sevivits is the Fruit of the Pa. D.O.C., Power unchecked is abuse!

**Proof of Service**

S.D.A.G. Ms Mosley esq. 15th fl. Strawberry Sq. Harris. Pa. 17120

**Unsworn Declaration**

I affirm that the above is true under Penalty of the Law

Date 5-30-04

William Branch CF3756
Po Box 256
Waymart Pa. 18472



Name & No. CF3752 Branch
P.O. Box 256
Waymart, PA 18472-0256

INMATE MAIL
PA DEPARTMENT OF CORRECTIONS

Legal
Mail

J. Conner
Po Box 983
Harrisburg Pa. 17108

17108+0983  11