IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM R. BRANCH,** | : | CIVIL ACTION NO. 1:00-CV-1728 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **MR. RUSSIAN, et al.,** | : | |
| Defendants | : | |

### MEMORANDUM

Presently before the court is a motion to compel and for sanctions by plaintiff, a prisoner of a state correctional institution proceeding *pro se* and *in forma pauperis* against defendants, officials and employees of the Pennsylvania Department of Corrections, for alleged civil rights violations pursuant to 42 U.S.C. § 1983. These proceedings have been marked by multitudinous and obtuse motions by plaintiff and recalcitrant and delayed responses by defendants. Resolution of the resulting conflicts, most of which are equally attributable to the conduct of both parties, has already caused multiple extensions of briefing schedules and trial dates.

The additional delay caused by the instant motion is attributable solely to the neglect of counsel for defendants. Without any reasonable cause, counsel ignored plaintiff's properly served request for interrogatories. (Doc. 176 at 7). Not only was this request permitted under Federal Rule of Civil Procedure 33, but it was expressly approved by a previous order of court granting plaintiff additional time to conduct discovery "for purposes of opposing [defendants'] motion for summary judgment." (Doc. 152). Counsel for defendants received the order of court and the

interrogatories from plaintiff. In fact, she personally asked plaintiff to send the interrogatories directly to her and promised that she would "promptly provide" answers to the interrogatories after receipt. (Doc. 164, Ex. D-2; Doc. 176 at 2-3, 7). Inexplicably, she did not.

Counsel now asks the court to excuse her failure to respond based on the alleged irrelevance of the interrogatories, which request information ranging from the racial characteristics of inmates in the state corrections system to overtime pay earned by defendants. Counsel characterizes these requests as an abuse of the order of court allowing plaintiff to conduct discovery relating to the motion for summary judgment. (Doc. 76 at 5-6). She explains: "While it is certainly true that the better course for counsel for [defendants] upon receiving [plaintiff's] interrogatories would have been to respond by interposing an objection to each and every one of them, her failure to respond to [plaintiff's] 'improper' interrogatories cannot support his request for sanctions." (Doc. 37 at 7).

To the contrary, counsel's failure to respond renders sanctions not only appropriate, but mandatory. Federal Rule of Civil Procedure 37(d) provides, in pertinent part, as follows:

> If a party ... fails ... to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, ... the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may [impose sanctions as] authorized under ... this rule. Any motion [under this rule] ... shall include a certification that the movant has in good faith conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action.[1] In lieu of any order or in addition thereto, the court *shall require* the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
>
> The failure to act described in this subdivision *may not be excused* on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c).

FED. R. CIV. P. 37(d). Counsel admits that the motion was properly served and offers no justification for her failure to respond other than to object to the relevance of the discovery. (Doc. 176 at 5-7). An unreasonable position in any event, this explanation cannot provide an escape from sanctions in this case because no motion for a protective order was or is pending. See FED. R. CIV. P. 37(d).

Sanctions are clearly warranted. However, the nature of the case, involving a prisoner and officials and employees of the correctional facility, and of the interrogatories, several of which request information that is clearly irrelevant and likely privileged, renders the appropriate type of sanctions a difficult issue. See

---

[1] Plaintiff's motion includes a certification that plaintiff attempted to confer with the counsel for defendants to resolve these issues without court action. (Doc. 164). Counsel for defendants does not question the adequacy of this certification under Rule 37(d). (See Doc. 176).

3

FED. R. CIV. P. 37(d) (stating that the court may make "such orders . . . as are just"). Plaintiff is clearly entitled to those costs incurred in his informal and formal attempts to obtain answers to the interrogatories. Id. (stating that "the court *shall require* the party failing to act or the attorney advising that party or both to pay the reasonable expenses . . . caused by the failure"); see Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 185 (3d Cir. 2003) (stating that counsel may be sanctioned for personally violating rules or orders of court). The total of these costs, as identified by plaintiff, is approximately $10.00. (Doc. 164). But other sanctions, such as the entry of default judgment in favor of plaintiff or finding of a waiver of all objections to the interrogatories by defendants, would be overly harsh, unduly burdensome, and could implicate security and penological concerns. See Ali v. Sims, 788 F.2d 954, 956-57 (3d Cir. 1986); see also Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984).

An appropriate middle ground is to mandate responses to those interrogatories of any plausible relevance to plaintiff's claims, absent a valid claim of privilege by defendants. After a review of the interrogatories, it is apparent that only several are potentially relevant to plaintiff's claims for compensatory and punitive damages based on alleged civil rights violations: interrogatories numbered 5, 7, 8 and those un-numbered interrogatories asking for the "total of pay per year with overtime earned by defendants," whether each defendant "d[id] what is alleged" in the complaint, and what each defendant "d[id] when [plaintiff] informed

4

them of an act by another staff member." (Doc. 176, Ex. A). The court will order defendants to answer these questions to the best of their ability. No objections to the interrogatories, other than those based on well-supported assertions of privilege, will be entertained.

Counsel's dereliction has also necessitated another delay of these proceedings. The current trial date of August 16, 2004, simply does not allow adequate time for plaintiff to receive and review the interrogatory answers or the court to resolve the pending motion for summary judgment. Commencement of trial will be rescheduled for November 2004. No further extensions will be granted absent exceptional circumstances and any further delays caused by the negligence of counsel or a party will result in sanctions.

An appropriate order will issue.

                                                                                                S/ Christopher C. Conner
                                                                                                CHRISTOPHER C. CONNER
                                                                                                United States District Judge

Dated:      June 29, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM R. BRANCH,** | : | CIVIL ACTION NO. 1:00-CV-1728 |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **MR. RUSSIAN, et al.,** | : | |
| **Defendants** | : | |

### ORDER

AND NOW, this 29th day of June, 2004, upon consideration of plaintiff's motion to compel and for sanctions (Doc. 164), and for the reasons stated in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to compel and for sanctions (Doc. 164) is GRANTED as follows:

    a. On or before July 9, 2004, counsel for defendant shall pay to plaintiff the sum of $10.00 and file with the court proof of such payment.

    b. On or before July 9, 2004, defendants shall serve upon plaintiff and file with the court answers to the interrogatories numbered 5, 7, 8 and to the un-numbered interrogatories asking for the "total of pay per year with overtime earned by defendants," whether each defendant "d[id] what is alleged" in the complaint, and what each defendant "d[id] when [plaintiff] informed them of an act by another staff member." (Doc. 176, Ex. A).

    c. No objections to the interrogatories, except those based on well-supported assertions of privilege, will be permitted. See FED. R. CIV. P. 34(b).

2. The stay of briefing of defendants' motion for summary judgment entered by previous order of court (Doc. 180) is LIFTED as follows:

   a. Plaintiff may file additional exhibits and a supplemental brief, not to exceed fifteen (15) pages, in opposition to the motion for summary judgment (Doc. 129) on or before July 30, 2004.

   b. No further exhibits or briefs with respect to the motion for summary judgment (Doc. 129) shall be filed.

3. Trial in the above-captioned case is RESCHEDULED as follows:

   a. Trial in the above-captioned non-jury action shall commence at 9:30 a.m. on Monday, November 15, 2004, in Courtroom No. 1, Ninth Floor, 228 Walnut Street, Harrisburg, Pennsylvania.

   b. If plaintiff is incarcerated, a writ will issue before trial to secure plaintiff's attendance.

4. No further extensions shall be granted absent exceptional circumstances.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge