IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM R. BRANCH,** | : CIVIL ACTION NO. 1:00-CV-1728 |
| | : |
| Plaintiff | : (Judge Conner) |
| | : |
| v. | : |
| | : |
| **MR. RUSSIAN, et al.,** | : |
| | : |
| Defendants | : |

## ORDER

AND NOW, this 3rd day of August, 2004, upon consideration of the several subpoenas submitted by plaintiff, presumably pursuant to the order of court (Doc. 183) dated July 9, 2004, directing the Clerk of Court to issue subpoenas to plaintiff and directing plaintiff to complete the subpoenas and to file them on or before August 9, 2004, for service on the identified witnesses, and it appearing that the subpoenas submitted by plaintiff are materially incomplete, it is hereby ORDERED that:

1. The Clerk of Court is directed to return the partially completed subpoenas to plaintiff.

2. Plaintiff shall complete the subpoenas in accordance with Federal Rue of Civil Procedure 45, see FED. R. CIV. P. 45(a), and shall, in the designated area of each subpoena, provide a current address for the individual to whom the subpoena is directed, indicate whether the individual is commanded to attend and give testimony or to produce documents or objects, and identify the time and place at which the individual is to attend and give testimony or to produce documents or objects.

3. Plaintiff shall file the completed subpoenas, accompanied by appropriate fees and mileage costs for each witness, see FED. R. CIV. P. 45(b)(1) (requiring that fees and mileage costs be tendered to witness at time of service); see also 28 U.S.C. § 1821 (enumerating appropriate fees and costs),[1] on or before August 23, 2004.

4. The court shall direct service of properly completed subpoenas on the identified individuals as appropriate.

5. Failure to comply with this order may result in plaintiff being precluded from presenting the identified individuals as witnesses at trial in the above-captioned action. See FED. R. CIV. P. 16(b), (e), (f); L.R. 16.5, 43.3, 43.10, 83.3.1.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge

---

[1] Plaintiff is not relieved of the obligation to tender witness fees and mileage costs by virtue of his *in forma pauperis* status under 28 U.S.C. § 1915 ("The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases . . . ."). See Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989) ("Although the plain language of section 1915 provides for service of process for an indigent's witnesses, it does not waive payment of fees or expenses for those witnesses.") (citing Boring v. Kozakiewicz, 833 F.2d 468, 474 (3d Cir. 1987)), cited with approval in FED. R. CIV. P. 45 practice commentaries § C45-19; Canady v. Kreider, 892 F. Supp. 668, 669-70 (M.D. Pa.) ("[T]here is no statutory provision authorizing a federal district court to waive or provide for payment of the witness fees required by § 1821(a), and so a litigant proceeding in forma pauperis is required to tender witness fees as provided in § 1821 to effect service of subpoenas under Rule 45(b)(1)."), aff'd sub nom. Canady v. Love, 75 F.3d 1225 (3d Cir. 1995); see also 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2454, at 26-27 & n. 19 (2d ed. 1995) (citing cases).