**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| William Branch,                         : | |
|               Plaintiff   : | |
|                    : | No. 1:CV-01-1728 |
|     v.                               : | |
|                    : | (Judge Conner) |
| CO Russian, et al.,                  : | |
|            Defendants  : | ELECTRONICALLY FILED |

**<u>DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR
A STAY OF PROCEEDINGS</u>**

Plaintiff argues that defendants have not fully responded to his discovery and that the Court's resolution of his motions to compel discovery warrants reversal. To that end, he has filed an appeal seeking review by the Third Circuit. While that appeal is being considered, Plaintiff has asked that the proceedings before this Court be postponed during the Third Circuit's review. Defendants oppose Plaintiff's motion for a stay.

It is settled that the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with

the economy of time and effort for itself, for counsel, and for litigants. *Landis v. North American Co.,* 299 U.S. 248, 254-255 (1936) "How this can be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.*

In challenging the Court's resolution of the discovery issues he presented in his motions, Plaintiff has failed to state how the information he sought in discovery from the Defendants is relevant to the claims he raised in this case. Equally important, Plaintiff has failed to show how the information he requested (some of which was ultimately provided by the Defendants in accordance with the Court's order) was necessary for him to oppose Defendants' Motion for Summary Judgment, which is a prerequisite to relief under Rule 56(f). Absent this showing, there appears to be no support for Plaintiff's Motion for a Stay of Proceedings except the fact that he has appealed this Court's orders related to his discovery.

If it is Plaintiff's position that his appeal from the Court's orders concerning discovery is by itself a ground for staying proceedings, it is seriously flawed as well. "As a general rule, discovery rules are not final orders of the district court for purposes of obtaining appellate jurisdiction under 28 U.S.C. Section 1291" *In re Ford Motor Co.,* 110 F.3d 954, 958 (3d Cir. 1997) *citing Hahnemann University Hospital v. Edgar,* 74 F.3d 456, 461(3d Cir. 1996). Nor does it appear that the Third Circuit has jurisdiction over Plaintiff's appeal from the Court's

discovery order pursuant to the collateral order doctrine.  The collateral order doctrine was first enunciated by the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541 (1949).  That doctrine provides a narrow exception to the general rule permitting appellate review only of final orders. *Ford, supra* 110 F.3d at 958.  An appeal of a non-final order will lie if the order at issue conclusively determines the disputed question; the order resolves an important issue that is completely separate from the merits of the dispute; and the order is effectively unreviewable on appeal from a final judgment. *Id.*  Plaintiff has presented no facts which show that his appeal satisfies the *Cohen* elements.  Thus, it is likely that the Third Circuit will dismiss Plaintiff's appeal for want of a final appealable order.

    Because Plaintiff has not shown that this Court's rulings on his discovery motions were erroneous or that his appeal from those rulings will lie, there is no basis for a stay of proceedings.  This Court should therefore deny Plaintiff's motion.

                      **Respectfully submitted,**

                        **GERALD J. PAPPERT**
                        **Attorney General**

            **By:** <u>**S/GWENDOLYN T. MOSLEY**</u>
                        **GWENDOLYN T. MOSLEY**
                        **Senior Deputy Attorney General**
                        **Attorney I.D. No. 29157**

| | |
|---|---|
| **Office of Attorney General** | **SUSAN J. FORNEY** |
| **15th Floor, Strawberry Square** | **Chief Deputy Attorney General** |
| **Litigation Section** | **Chief, Litigation Section** |
| **Harrisburg, PA 17120** | |
| **(717) 787-1180** | **Counsel for Defendants** |

**Dated: September 28, 2004**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM R. BRANCH, | : | |
| | : | |
| Plaintiff | : | |
| | : | No. 1:CV-00-1728 |
| v. | : | |
| MR. RUSSIAN, ET AL., | : | Judge Conner et al., |
| | : | |
| Defendants | : | (Electronically Filed) |

## CERTIFICATE OF SERVICE

I, Gwendolyn T. Mosley, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on September 28, 2004, I served a true and correct copy of the foregoing Defendants' Brief in Opposition to Plaintiff's Motion for a Stay of Proceedings by placing a copy of it in the United States Mail, first-class postage prepaid addressed to the following:

**William Branch,  # CF-3756**
**SCI- Waymart**
**P.O. Box 256**
**Waymart, PA 18472-0256**

                                                         **S/GWENDOLYN T.MOSLEY**
                                                         **GWENDOLN T. MOSLEY**
                                                         **Senior Deputy Attorney General**