**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM R. BRANCH,** | : | **CIVIL ACTION NO. 1:00-CV-1728** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **MR. RUSSIAN, et al.,** | : | |
| **Defendants** | : | |

### ORDER

AND NOW, this 15th day of February, 2005, upon consideration of plaintiff's motion for reconsideration (Doc. 226) of the memorandum and order of court granting defendants' motion for summary judgment (Doc. 224),[1] see FED. R. CIV. P. 59(e), and it appearing that the motion merely repeats arguments addressed by

---

[1] In the motion, plaintiff requests a "rehearing en banc." (Doc. 226). While the court has discretion to refer a matter of unusual and district-wide importance to a panel of judges, this is clearly the exception to the general rule that a single district judge presides over all proceedings in a given case. See 28 U.S.C. § 132(c); 13 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3505 (2d ed. 1998). Plaintiff has identified no circumstances warranting panel review of the motion, and the request is denied. See id.; United States v. Anaya, 509 F. Supp. 289, 293-94 (S.D. Fla. 1980); Close v. Calmar S.S. Corp., 44 F.R.D. 398, 401 n.3 (E.D. Pa. 1968), aff'd sub nom. Blake v. Farrell Lines, Inc., 417 F.2d 264 (3d Cir. 1969).

the court in the previous memorandum and order,[2] see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994) ("A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of."), it is hereby ORDERED that the motion (Doc. 226) is DENIED.  Any appeal from this order is DEEMED frivolous and not in good faith.  See 28 U.S.C. § 1915(a)(3).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Plaintiff also "ask[s] this court to remove Judge Conner . . . and charge Judge Conner with violation of [federal law] . . . for fail[ure] to apply the civil rights laws against [d]efendants."  (Doc. 226).  Elsewhere in the motion he states that "Judge Conner entered . . . several orders that [plaintiff] feel[s] are questionable and violate [his] rights to a fair and impartial hearing."  (Doc. 226).  Assuming that the motion could be construed as seeking disqualification, it is clear that plaintiff's complaints relate to the undersigned's interpretation and application of governing law to the evidence submitted in this case—not to alleged partiality for one party or position—and would not be grounds for disqualification.  See 28 U.S.C. § 455; Liteky v. United States, 510 U.S. 540, 548 (1994); United States v. Grinnell Corp., 384 U.S. 563, 583 (1966); United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989); cf. 28 U.S.C. § 144 (requiring affidavit alleging bias or prejudice).