IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BRANCH, | : | |
| | : | |
| Plaintiff | : | No. 1:00-CV-1728 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| RUSSIAN, et al., | : | |
| | : | |
| | : | ELECTRONICALLY FILED |
| Defendants | | |

### DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff William Branch has asked the Court to reconsider and reverse its decision granting summary judgment in favor of the defendants on all his claims. For the reasons discussed below, the Court should deny Branch's motion.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco v. Zlotnicki,* 779 F2d 906, 909 (3d Cir. 1985). A motion for reconsideration is not simply a "second bite at the apple" for a party dissatisfied with a court's ruling. *Sequa Corp. v. GBJ*

*Corp.,* 156 F.3d 136, 144 (2d Cir. 1998). Nor is it a "vehicle for relitigating old issues, presenting the case under new theories, [or] securing a rehearing on the merits..." *Id.* Therefore, a party moving for reconsideration must demonstrate the development of an intervening change in the law, the emergence of new evidence not previously available, or the need to correct a clear error of law or prevent a manifest injustice. *Rowles v. Automated Production Systems, Inc.,* 92 F. Supp.2d 424, 426 ( M.D.Pa. 2000). Branch has not met the requirements for reconsideration.

Branch has not identified a change in the law, the emergence of new evidence not previously available, or the need to correct legal error or prevent manifest injustice. What he has done is present argument on claims that were not included in his complaint. Branch appears to be asking the Court to allow a jury to consider, *inter alia,* his claims for the denial of pay raises, denial of equal access to bed changes, his placement in the Restricted Housing Unit for reporting Sergeant McAndrew, alteration of the times for turning in his dirty laundry and the issuance of a misconduct by Ms. Dippel in March of 2005. *See* Plaintiff's Brief Dated March 15, 2005, Part I, p. 4; Plaintiff's Brief Dated March 16, 2005, Part II, p. 2. These arguments cannot support a motion for reconsideration.

Branch also appears to argue that there are genuine issues of fact in dispute which preclude the entry of summary judgment on his claims of retaliation.

2

Branch goes on for great length in his briefs reciting "adverse" actions he claims were taken against him with retaliatory motive by the defendants and activities that he engaged in which constitute protected activity. However, Branch failed to identify any conflicting evidence in the record on the issue of the causality between his protected activity and the adverse actions about which he complained. Moreover, Branch failed to point out any evidence which counters defendants' assertions that they would have taken the same actions absent his protected activities for reasons which further legitimate penological interests. Branch has failed with respect to this claim also to satisfy the requirement for reconsideration.

Branch has done no more than take issue with the Court's painstaking resolution of defendants' motion for summary judgment in a manner with which he disagrees. He has not pointed to any facts or controlling law which bring his claims within the narrow categories for which reconsideration is appropriate. For these reasons, the Court should deny Branch's motion for reconsideration.

**Respectfully submitted**,

**THOMAS W. CORBETT, JR.**
**Attorney General**

By:  **s/Gwendolyn T. Mosley**
**GWENDOLYN T. MOSLEY**
**Senior Deputy Attorney General**
**Attorney I.D. No. 29157**

| | |
|---|---|
| **Office of Attorney General** | **SUSAN J. FORNEY** |
| **15th Floor, Strawberry Square** | **Chief Deputy Attorney General** |
| **Litigation Section** | **Chief, Litigation Section** |
| **Harrisburg, PA 17120** | |
| **(717) 787-1179** | **Counsel for Defendants** |

**Dated: April 11, 2005**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BRANCH, | : | |
| | : | |
| Plaintiff | : | No. 1:00-CV-1728 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| RUSSIAN, et al., | : | |
| | : | |
| Defendants | : | ELECTRONICALLY FILED |

## CERTIFICATE OF SERVICE

I, Gwendolyn T. Mosley, Senior Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on April 11, 2005, I caused to be served a true and correct copy of the foregoing document entitled DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION by depositing it in the United States Mail, first-class postage prepaid to the following:

William Branch, #CF 3756
SCI-Waymart
P.O. Box 256
Waymart, PA 18472

                                               s/Gwendolyn T. Mosley
                                               Gwendolyn T. Mosley
                                               Senior Deputy Attorney General