**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM R. BRANCH,** | : | **CIVIL ACTION NO. 1:00-CV-1728** |
| **Plaintiff** | : | **(Judge Conner)** |
| v. | : | |
| **MR. RUSSIAN, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 27th day of April, 2005, upon consideration of plaintiff's second motion for reconsideration (Doc. 228), see FED. R. CIV. P. 59(e), which repeats arguments addressed by the court in the previous memorandum and order granting defendants' motion for summary judgment (Doc. 224), see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa. 1994) ("A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of."), but also presents additional factual allegations and raises new claims (see Doc. 230), and it appearing that the motion does not offer any justification for post-judgment amendment of the pleadings, see Ahmed v. Dragovich, 297 F.3d 201, 207 (3d Cir. 2002) ("[T]he liberality of [Federal Rule of Civil Procedure 15(a)] is no longer applicable once judgment has been entered."), that many of the additional factual allegations were known or should have been known to plaintiff prior to the entry of summary judgment, see Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) ("When a party delays making a motion to amend until after summary judgment has been granted to the adverse

party . . . the interests in judicial economy and finality of litigation may become particularly compelling."), that defendants would be unduly prejudiced if required at this stage of the litigation—originally commenced in September 2000—to respond to the additional factual allegations and new claims, see Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 655 (3d Cir. 1998) (stating that factors such as duration of case and probable effort and expense in responding to allegations may support finding of undue prejudice), cited with approval in Cureton, 252 F.3d at 273, and that the additional factual allegations do not adequately support either the claims previously presented in the pleadings or the new claims raised in the motion, see Lundy v. Adamar of N.J., Inc., 34 F.3d 1173, 1196 (3d Cir. 1994) (stating that leave to amend should be denied when amendment would be "futile"), it is hereby ORDERED that the second motion for reconsideration (Doc. 228) is DENIED. See FED. R. CIV. P. 15(a), 59(e), 60(b). Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge